THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* REBECCA WANSKER, Defendant.

(Supreme Court, Kings Special Term, July, 1919.)

**Certificate of reasonable doubt — objectionable remarks of district attorney — prejudicial attitude of judge — contempt — criminal law — evidence — trial — application granted.**

The defendant's counsel in a criminal case are entitled to respectful treatment both from the court and from the district attorney, and their private and personal character or their previous records should not be unfavorably commented upon before the jury.

Where counsel for the defense in his conduct of the trial oversteps the bounds of propriety, the remedy lies in the power of the court to punish him for contempt rather than in permitting vituperation and abuse by the district attorney in summing up.

The burden of showing that error committed on a criminal trial is not prejudicial to the defendant is upon the prosecution.

The weight of authority is in favor of permitting defendant's counsel in a criminal case to interpose objection to objectionable remarks made by the district attorney.

Where a woman on being arraigned for sentence upon her conviction of manslaughter in the first degree, the court upon denying the motion to set aside the verdict as against the evidence and upon other grounds said: " The only respect in which the verdict is against the evidence is that it should have been murder; of course it probably would have been but for the question of sex," and on imposing sentence said: " On the evidence the defendant is  guilty of murder," an application for a certificate of reasonable doubt as to whether the judgment of conviction should stand will be granted upon the ground that the defendant was not accorded a fair trial.

MOTION for certificate of reasonable doubt.

John Palmieri, Henry M. Goldfogle and Alexander S. Rosenthal, for motion.

Harry A. Anderson, assistant district attorney, in opposition.

BENEDICT, J. The defendant was indicted for murder in the first degree, and was tried in Part VIII of this court on May 26, 27, 28 and 29, 1919. She was found guilty of manslaughter in the first degree, and on June fourth she was given an indeterminate sentence in the State's prison at hard labor, the maximum to be not more than twenty years and the minimum to be not less than ten years.

She has appealed from the judgment and from the denial of her motion for a new trial, and now applies to this court for a certificate of reasonable doubt pending such appeal.

The defendant's counsel has assigned numerous errors which are alleged to have been committed in the course of her trial as the grounds of her present application. Some, but not all, of these grounds were argued extensively by her counsel and by the assistant district attorney before the court upon this motion. After a perusal of the complete record of this trial and the consideration of the able briefs submitted by the opposing counsel, I have reached the conclusion that the certificate of this court that there is reasonable doubt whether the judgment of conviction will stand upon appeal must be granted.

It would serve no useful purpose, and I shall therefore not attempt to discuss at the length at which they were argued before me the many alleged errors which the defendant claims occurred upon the trial, but will leave such a discussion if deemed necessary to the

tribunal which will review the case upon appeal. It is not unsuitable, however, to state in a very general way in this memorandum the grounds which impel the court to grant the defendant's motion. These grounds fall within two classes. The first is found in the remarks of the assistant district attorney who represented the People at the trial. In his final address to the jury he made an attack upon one of the counsel for the defendant couched in terms which must, I think, be deemed wholly unjustifiable and prejudicial.

In our system of criminal trials, a defendant is entitled to the benefit of counsel. He has the right to select his own counsel unless in cases where the court, on account of his poverty, designates counsel to represent him. The counsel so selected are officers of the court, and in the discharge of their function are entitled to respectful treatment both from the court and from the district attorney. Their private and personal characteristics or their previous records should not be unfavorably commented upon before the jury lest in the consideration of those extraneous matters the jury should become prejudiced against the defendant whom the counsel represents, and thereby he should lose all, or at least some, of the advantage which flows from being represented by counsel. Furthermore, in the proper discharge of the duties of advocate the defendant's counsel is entitled to the protection of the court to the fullest degree, otherwise it may be that he will be unequal to the task which is committed to his hands, namely, that of seeing that the defendant has a fair trial. If this right be lost sight of, it can hardly fail to be without prejudicial effect upon the rights of the defendant. In the review of criminal trials the rule casts the burden of showing that error is not prejudicial upon the people. Cases arise, and it may be as claimed by the learned assist-

ant district attorney who argued the motion, that this is one of them, where the counsel for the defense oversteps the bounds of propriety in his conduct of the case. Where he does so the remedy lies in the power of the court to punish for contempt of its dignity rather than in permitting vituperation and abuse on the part of the district attorney in his summation of the case.

In the present case there occurs on pages 735, 736 and 737 of the stenographer's transcript a statement which, to my mind, falls plainly within the category of improper and prejudicial comment by the district attorney. In criminal trials, the duty of the prosecuting attorney is usually disagreeable and often delicate, and a certain degree of latitude should be allowed to him under the stress and strain of representing the interests of the public. But in the present case, the limits of propriety were passed and this without reprimand or restraint from the presiding justice. The learned assistant district attorney who argued the motion states in his brief, as he stated upon the argument before me, that he would not undertake to defend the statement by the district attorney to which reference has just been made, '' and can only say that it was made in the heat of argument and as the result of the conduct of defendant's counsel throughout the trial,'' and the argument of another of defendant's counsel in which he characterized the conduct of the district attorney as unfair.

Our appellate courts have so frequently and authoritatively held that prejudicial statements on the part of the district attorney would inevitably result in the reversal of judgments that it is not necessary for me to pursue this matter further, except to call attention to the fact that, immediately after the statement had been made, one of the counsel for the

defendant objected to it in this language: " Mr. Gold-fogel: I ask the Court at this stage to declare that this statement is improper and that there is no evidence that my associate is any thing of the kind that has been pictured by the District Attorney. The Court: We will not have any interruptions, it makes no difference whether he is or not; we will have no interruptions. Every thing that the District Attorney is saying is being taken and you may present your exceptions at the end. Mr. Goldfogel: I except and I ask that this be declared a mistrial because of the statement made. The Court: That is denied; take your seat."

I think that the weight of authority, both in criminal and civil trials, is in favor of permitting the opposing counsel to interpose objections during the course of the objectionable remarks. See authorities referred to in brief of the assistant district attorney, at page 14.

I will now refer to the second ground upon which I deem that a certificate of reasonable doubt should issue. It is found in the conduct of the learned justice of this court who presided at the trial. To comment upon this phase of the record is not an agreeable task. The record speaks for itself. It indicates what I believe to be an entirely erroneous view of the functions of a judge presiding over a criminal trial in a capital case.

It is at once the distinction and the glory of our jurisprudence that every person accused of crime is to be, *upon his trial,* presumed to be innocent until proven guilty beyond a reasonable doubt. Furthermore he is entitled, as a matter of right, to a fair trial before an impartial court and an unbiased jury.

Under our system of trial by jury in criminal cases, the presiding judge has one great duty to perform. He does not sit to prosecute the accused; he is not

there to aid the attorney for the people to secure a conviction; he is not there to control the ultimate action of the jury in the discharge of its function of passing upon the guilt or innocence of the defendant. But he is there to see that justice is administered impartially; not according to his own views of the guilt or innocence of the accused, but according to established rules of legal procedure. Such a trial in capital cases is the constitutional right of the accused in our state and country. I cannot read the record in this case without reaching the conclusion that the mind of the trial court was so firmly convinced of the guilt of the defendant as to lead to a prejudicial disregard of the defendant's rights. When the defendant was arraigned for sentence on June fourth, her counsel moved to set aside the verdict as against the evidence and upon other grounds. The court said: " The only respect in which the verdict is against the evidence is that it should have been murder; of course, it probably would have been but for the question of sex. The motion is denied." And on the following day in imposing sentence he further said: " On the evidence the defendant was guilty of murder."

These remarks indicate fairly the angle from which the learned trial court considered the case, and account, I believe, for the numerous rulings during the course of the trial against the defendant which are claimed to have amounted to prejudicial error. It would be necessary to prolong this memorandum beyond reason if I were to quote freely from the record in support of the conclusion just stated. It is necessary, in order to gain a correct view of the atmosphere surrounding this trial, to read the entire record, particularly pages 409, 415, 425 to 435, 449, and 452 to 465. A perusal of these pages will, I think, show that the rights of the defendant were not duly

safeguarded by the court. And it will further show, not what the learned assistant district attorney who argued the motion claims was a proper administrative control of the trial on the part of the presiding justice, but a failure to extend to the defendant and her counsel a fair degree of protection.

I am not prepared to concur in the contention of the learned assistant district attorney who argued the motion that a motion for a certificate of reasonable doubt should be governed by the same principles applicable to the appeal. Even though the court which hears the motion might think that the verdict was supported by the evidence, the certificate should not be withheld if there exists in the mind of the court doubt whether the conviction will stand on account of prejudicial error upon the trial. I think that this defendant was not accorded a fair trial within the meaning and within the rulings which have been firmly established in our law.

The application for a certificate of reasonable doubt is therefore granted, and, in view of the verdict of the jury that the defendant was guilty of manslaughter, she will be admitted to bail in the sum of $25,000.

Ordered accordingly.