Hyman Barshay, J.
The defendant was convicted of robbery in the first degree, grand larceny in the first degree and assault in the second degree and on February 5, 1954, was sentenced as a second felony offender, to a term of not less than 15 and not more than 30 years in State prison. The prior conviction, which established the defendant’s status as a second felony offender, was vacated and set aside in proceedings before the late Judge Carmine J. Marasco on June 21, 1956, and the defendant was resentenced, as a first felony offender, on July 9,1956, to a term of not less than 10 and not more than 20 years in State prison.
He now makes an application in the nature of a writ of error coram nobis to vacate and set aside the judgment of July 9, 1956. He alleges that his rights were violated because the court-assigned counsel other than the one who had represented him when he was tried on the identical indictment in August of 1953, which trial ended in a disagreement. “ A person accused of a felony and not represented by a lawyer has a ‘ fundamental right ’ in this State, and in most other jurisdictions to have counsel assigned to act for him. (Code Crim. Pro., § 308; see, e.g., People v. Koch, 299 N. Y. 378, 381; People ex rel. Acritelli v. Grout, 87 App. Div. 193, 195-196 ’ ’. (People v. Tomaselli, 7 N Y 2d 350, 353.) That right does not include the right to counsel of his own choosing. (People v. Wansker, 108 Misc. 84.)
The defendant further complains that his assigned counsel failed to represent him adequately in that he instructed the *44 defendant to testify thus enabling the jury to learn by reason of cross-examination, of his prior 1937 conviction. As to this contention, it was held that: 1 ‘ Cor am nobis may not be availed of to remedy counsel’s negligence or error of judgment. It would be folly indeed for the courts to sit and hear disappointed prisoners try their former lawyers on charges of incompetent representation. Absent evidence that the trial judge appointed an attorney who was unfit to defend the accused or that the judge allowed counsel to continue to act after it appeared that his representation was such as to make the trial a farce and a mockery of justice, the fact, if it was one, that assigned counsel made an error of judgment or of tactics during the course of trial, is an insufficient ground for coram nobis and this being so, it would be futile to have a hearing.” (People v. Brown, 7NY 2d 359, 361.)
While the assignment must be adequate and effective “this does not mean that a court, once it has appointed a member of the Bar to act for the defendant, must stand as surety for the proper performance of counsel’s professional duty”. (People v. Tomaselli, 7 N Y 2d 350, 356, supra.)
The defendant states that the court in its charge to the jury called their attention to the defendant’s prior conviction. The minutes of trial reveal that the court properly charged the jury, that they may consider the defendant’s previous conviction only in assessing his credibility.
The defendant also contends that the sentence imposed upon him in 1956, was excessive in view of the fact that his 1937 conviction had been vacated. The defendant had an adequate remedy at law in that he could have made a motion in arrest of judgment or taken an appeal from the judgment of conviction. This claim is not a basis for coram nobis relief. There are no issues alleged in the petition which require a hearing. (People v. Brown, supra.) The defendant’s application is in all respects denied.