Hyman Barshay, J.
The defendant was convicted, after trial, of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree and on February 5,1954, he was sentenced, as a second felony offender, to a term of not less than 15 and not more than 30 years in State prison. The prior conviction which established the defendant’s status as a second felony offender occurred on May 17, 1937, at which time the defendant was sentenced to a term of 15 to 40 years in State prison upon his conviction of robbery in the first degree. In proceedings before the late Judge Carmine J. Marasco, the 1937 judgment was vacated and set aside on June 21, 1956, and on July 9, 1956, the defendant was resentenced as a first felony offender to a term of not less than 10 and not more than 20 years in State prison.
Thereafter he made an application in the nature of a writ of error coram nobis to vacate and set aside the judgment of July 9,1956, alleging several grounds for the relief sought, one of which was that the court, in its charge to the jury, called their attention to his prior conviction. The minutes of trial revealed that the court properly charged the jury that they may consider the defendant’s previous conviction only in assessing his credibility. The application was denied without a hearing (People v. Grimaldi, 24 Misc 2d 43) and the order was affirmed by the Appellate Division on April 6,1961 (13 A D 2d 508).
He now seeks for the second time, by way of coram nobis, to vacate and set aside the judgment of July 9, 1956, alleging that since the 1937 conviction was set aside, the court’s reference thereto, in its charge to the jury in 1954, was prejudicial error. The court’s charge to the jury with respect to defendant’s 1937 conviction was not erroneous since at that time the conviction was valid.
The defendant raises no issues in his petition which require a hearing. The defendant’s application is, therefore, denied. Let the District Attorney submit an order to that effect and serve a copy of it, together with notice of entry, by mail, upon the defendant, at the institution where he is presently confined.