Edward M. O’Gorman, J.
The defendant was convicted, based upon his plea of guilty, of the charge of assault in the second degree on the 5th day of December, 1958. Defendant thereafter appeared for sentencing on the 16th day of January, 1959. He was charged at that time on an information accusing him of being a second felony offender. Having admitted his identity as the defendant in the original felony conviction, and being asked if he had any legal cause to show why the sentence of the court should not be pronounced upon him (Code Crim. Pro., § 480), he was sentenced to a term of from 5 to 10 years in State prison as such second felony offender.
*57 The defendant now seeks to be returned to the court for the purposes of resentence, on the ground that the court had failed to follow the statutory mandate that there be a two-day delay prior to the imposition of sentence (Code Crim. Pro., §§ 471, 472), and that the sentence is, for that reason, illegal.
Defendant relies on sections 471 and 472 of the Code of Criminal Procedure. Section 471 provides in part: “After a plea or verdict of guilty, or after a verdict against the defendant on the plea of a former conviction or acquittal * * ° the court must appoint a time for pronouncing judgment.”
Section 472 provides that this time must be “ at least two days after the verdict * * * but any delay may be waived by the defendant.”
It is defendant’s contention that his plea of guilty to the information accusing him of being a second felony offender on January 16, 1959 was “a plea of a former conviction” and brought him within the provisions of sections 471 and 472, and that therefore he was entitled to a two-day delay prior to being sentenced as a second felony offender.
To understand the meaning intended by the Legislature in the phrase “ plea of a former conviction ”, that section should be read in conjunction with section 332 of the Code of Criminal Procedure. This section specifies the various types of pleas which a defendant may enter to an indictment. One type specified (subd. 3) is a plea of a “ former judgment of conviction ”. It is after such a plea or verdict of guilty upon such an original plea that the defendant would be entitled, pursuant to section 471, to a two-day delay prior to his sentence. The section does not refer to the subsequent arraignment of a defendant on an information charging him with being a multiple felony offender.
The mandate of section 472 refers to the day on which the defendant is presented for sentence upon the original judgment of conviction or plea, and not to subsequent proceedings which take place thereafter in dealing with the same judgment. (See People ex rel. Wilkinson v. McMann, 11 A D 2d 569, affd. 9 N Y 2d 916.)
The motion for resentence is hereby denied. The District Attorney is directed to submit an order in conformity with this decision and serve a copy upon the defendant in the place where he is confined.