## (June 24, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD WEIS, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Albany County, rendered March 6, 1967, upon a verdict convicting defendant of the crime of robbery in the first degree. Michael Angelo, 80, operated a grocery store at 422 Broadway in the City of Albany. The People offered proof: that, around 9 o'clock on Sunday morning, December 4, 1966, defendant, accompanied by another, placed a knife tightly to Angelo's throat, pushed him to the cash register and told him to give him the money; that, after four one-dollar bills were taken from the register, defendant told the victim not to call the cops, that he would kill him; and that the two men left and went "up Broadway". It was also shown: that, very quickly after their departure, the grocer telephoned to the police; that Sergeant La Fountaine and Patrolman Smith arrived at the scene about 9:15 A.M. and were joined by Detective Jones; that Angelo related what had taken place and described the two men; that the one who held the knife was portrayed as six feet tall with a light brown-colored windbreaker and the other as short, about five-foot six or seven; that the police and Angelo went north on Broadway; that a clerk at a hotel on Broadway related that two men fitting the descriptions had been there previously leaving some luggage; that a clerk at another hotel on said street informed two of the officers that she had refused a room to two men fitting said descriptions a short time previously and that they had gone south on Broadway; that defendant was then spotted walking north on Broadway towards the officers with his right hand in a coat pocket; that the Sergeant asked defendant to remove his hand from the pocket and said official then reached in the pocket and pulled out a long blade knife; and that defendant, on questioning, said his friend, the short one, was in a diner about a half block down the street. There was testimony that, after defendant was arrested, he was searched and four one-dollar bills were found, but the bills themselves were not received in evidence. A search and seizure will be upheld if incident to a lawful arrest (*People* v. *Malinsky,* 15 N Y 2d 86, 91; *People* v. *Loria,* 10 N Y 2d 368, 373). A peace officer may, without a warrant, arrest a person (Code Crim. Pro., § 177, subd. 3) "3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it", the standard to be applied is not the proof beyond a reasonable doubt required for the conviction of a crime but reasonable ground or probable cause for making a search (*People* v. *Valentine,* 17 N Y 2d 128, 132; *People* v. *White,* 16 N Y 2d 270, 273). Here, it was known that a robbery had been committed in the vicinity recently, that defendant was in the same area, that he was wearing a light-colored three-quarter length jacket and fit the general description furnished by Mr. Angelo, that he had his right hand in his coat pocket and that defendant and a companion had sought a room at a nearby hotel shortly before. Under these circumstances it was not unreasonable for the

police to believe that the man they saw approaching was the one they were seeking (cf. *People* v. *Feldt,* 26 A D 2d 743, affd. 22 N Y 2d 839) and, therefore, that the standards of what should be considered probable cause to a "reasonable, cautious and prudent peace officer" were met and that the knife and money were obtained incident to a lawful arrest (*People* v. *Brady,* 16 N Y 2d 186, 189; cf. Code Crim. Pro., § 180-a; *People* v. *Taggart,* 20 N Y 2d 335, app. dsmd. 392 U. S. 667; *Terry* v. *Ohio,* 392 U. S. 1, 27; *Sibron* v. *New York,* 392 U. S. 40, 61, 66). Defendant's complaint that he was not permitted to testify before the Grand Jury is not well taken since he failed to file or serve the requests specified in subdivision 2 of section 250 of the Code of Criminal Procedure (*People ex rel. De Groat* v. *Wallack,* 16 A D 2d 994, cert. den. 372 U. S. 920), nor are his grievances concerning the manner in which the police court arraignment was conducted, since the Grand Jury had power to investigate and indict regardless of what had occurred before the Magistrate (*People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258, 261). Although personal opinions of counsel as to the merits of the case should not be stated to the jury (*Greenberg* v. *United States,* 280 F. 2d 472, 474–475; *People* v. *Reimann,* 266 App. Div. 505, 507; *People* v. *O'Regan,* 221 App. Div. 331, 338), the Assistant District Attorney in his opening merely uttered the belief that the jury, after viewing the exhibits and listening to the testimony of the witnesses and the charge of the court, would be satisfied that defendant was guilty of robbery in the first degree beyond a reasonable doubt, to which no objection was, or properly could be, made. In response to a question asking at what time he placed a distinguishing mark on the knife, Detective Jones answered: "After the complainant identified this man as the one that held him up." When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification (Code Crim. Pro., § 393-b), but this statutory exception to the hearsay rule does not extend to the testimony of any person other than the one who made the identification (*People* v. *Cioffi,* 1 N Y 2d 70, 73; *People* v. *Oliver,* 4 A D 2d 28, 31, affd. 3 N Y 2d 684). Here, the prosecution does not appear to be responsible for such a response, defendant did not register any objection or make any request in regard thereto, this was not the only evidence of identification and, under all the circumstances, this unanticipated answer does not require reversal. Absent "imperative" circumstances necessitating resort to such a procedure, the practice of having a witness secretly view, for identification purposes, only the very suspect whom the police have taken into custody for the crime can be so unnecessarily suggestive and conducive to irreparable mistaken identification as to amount to a denial of due process of law (*Stovall* v. *Denno,* 388 U. S. 293, 302); but, here, since the victim had ample opportunity to observe the defendant during the commission of the crime, it is clear that his courtroom testimony identifying him was not based on or tainted by the potentially misleading circumstances which attended his earlier identification of him at the police station (*People* v. *Brown,* 20 N Y 2d 238, 243–244, cert. den. 390 U. S. 928). However, although not mentioned in appellant's 26 points, it should be stated that on trial the victim, when asked if he described the thieves to the police on their arrival at his store, answered: "Yes, when he arrest, he bring him in the station house I say that's the guy right there, he standing up there like, you know, tall guy, he stand up there I says that's the guy." There was also Detective Jones' reply as to when he marked the knife. Although no objections or requests were made respecting these unresponsive answers nor did the Assistant District Attorney dwell on them or stress their significance, any error in their receipt is deemed harmless in view of

the cursory nature of the references and in view of Angelo's positive and legal in-court identification, the court being able to declare a belief that any such error was harmless beyond a reasonable doubt (*Harrington* v. *California,* 395 U. S. 250; *Chapman* v. *California,* 386 U. S. 18, 23, 24). To be an accomplice one must have the necessary intent or "mens. rea" in the same manner as would be required to convict one of being a principal — the alleged accomplice must take a guilty part in the offense and share the intent or purpose of the principal actors (*People* v. *Washington,* 18 N Y 2d 366, 369; *People* v. *Beaudet,* 31 A D 2d 705). An aider and abettor must share the intent or purpose of the principal actor and there can be no partnership in an act where there is no community of purpose (1 Burdick, Law of Crimes, § 221, p. 297); thus, one cannot be said to be a principal or an accomplice merely on the basis that, in retrospect, we may say that in an objective sense this person was helpful or of use to the actual perpetrator of the crime, there being a subjective element as well (*People* v. *La Belle,* 18 N Y 2d 405, 412). While a forceful argument could be advanced for the proposition that Shepherd was an accomplice, his testimony that he went to the store to purchase tomatoes and that there was in fact such a purchase made his intent and his status as an accomplice a question of fact, as did his activity or lack of it at the store. Regardless, since no exception was taken to the charge that it was a question of fact as to whether or not Shepherd was an accomplice, reversal on this ground would be unwarranted (*People* v. *Ahmeti,* 28 A D 2d 1195; *People* v. *Palmer,* 26 A D 2d 892) and as other evidence fully corroborated Shepherd's testimony, the chance of prejudice having occurred is improbable, even if said instruction be deemed in error (cf. *People* v. *Swersky,* 216 N. Y. 471, 480). Although there is alleged a lack of compliance with section 813-f of the Code of Criminal Procedure, dealing with notice before use of a confession or admission in evidence upon trial of a defendant, the failure to object to the lack of notice constitutes a waiver of objection thereunder (*People* v. *Ross,* 21 N Y 2d 258, 262). Appellant contends that his competency examination before trial was conducted by but one psychiatrist in violation of section 659 of the Code of Criminal Procedure. Although there is some indication in the record that the court originally intended that only one psychiatrist examine defendant, in the absence of the psychiatric reports themselves or some more definite showing, this item cannot be considered adequately presented. Points raised by briefs, not properly presented by the record, are ordinarily not considered by the court (*People* v. *Hicks,* 287 N. Y. 165, 174; *People* v. *Williams,* 20 A D 2d 963; cf. *People* v. *Dudley,* 29 A D 2d 232, 235). In any event, there is not, nor has there been, any claim of prejudice or any contention that defendant was not in fact competent to stand trial. The contention that section 472 of the Code of Criminal Procedure was violated by the sentence of defendant on the same day as that on which he was found to be a prior felony offender is without merit, since the two-day period after verdict runs from the immediate verdict of guilt only (*People ex rel. Wilkinson* v. *McMann,* 11 A D 2d 569, affd. 9 N Y 2d 916; *People* v. *Staples,* 50 Misc 2d 56). There was no demonstration of a basis for concluding that the previous felony conviction was unconstitutional. The issue as to whether defendant's confession preceding the prior conviction was illegally obtained was waived by the guilty plea (*People* v. *Nicholson,* 11 N Y 2d 1067, cert. den. 371 U. S. 929). The other grounds advanced for reversal are insubstantial. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Cooke, and Greenblott, JJ., concur in memorandum by Cooke, J.