First Department, December, 1969

(December 2, 1969)

■ The People of the State of New York, Respondent, v. Leo Brown, Also Known as Alexander Knox, Also Known as Wilbert Brown, Also Known as Lee Brown, Appellant.

Appeal from a judgment of the. Supreme Court, Bronx County, rendered April 22, 1968, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, criminally negligent homicide, leaving the scene of an accident, driving while intoxicated and endangering the users of a public highway.

*Per Curiam.* This defendant was convicted after a jury trial of manslaughter in the second degree (three counts) and other crimes. The evidence is ample to support the verdict. Prior to the trial a *Huntley* hearing was held on the issue of the voluntariness of certain statements made by this defendant to the arresting officer, and statements later made to a detective investigating the case. As to the prearrest statement by the defendant that he had been driving on Prospect Avenue, the court properly denied a motion to suppress not only because there was nothing to indicate such statement was not voluntary, but also because at the time such statement was made the proceeding was clearly in the investigatory stage.

A somewhat different question is presented as to the statements made by defendant to Detective Dunscomb after defendant's arrest when, from the record, he was suspected of homicide. The testimony of the detective was to the effect that defendant had been given the *Miranda* warnings and that, *inter alia,* he was charged with drunk driving, that three children had died and witnesses had seen his car at the scene. The defendant, according to the detective's testimony, stated that he had some trouble with his steering, " he pulled his car over and got out of the car, and he pulled a shopping cart out from under the car, but he didn't remember hitting anybody or doing anything else." The statement was in some measure exculpatory. The shopping cart referred to was evidently the carriage in which the infants had been carried or pushed.

At the conclusion of the hearing the court denied the motion to suppress but neglected to make the required specific findings (*People* v. *Huntley,* 15 N Y 2d 72, 78). We, however, may make such findings as the trial court could have made and as warranted by the evidence which was neither contradicted nor impeached. The burden of proof as to voluntariness of the statements in question was on the People (*People* v. *Huntley, supra*). We find that the People successfully met this burden and that the statements made, after the giving of the requisite warnings, were voluntary beyond a reasonable doubt.

There was no objection raised at the hearing or trial that no notice was given pursuant to section 813-f of the Code of Criminal Procedure. Any such objection now will not be entertained (*People* v. *Ross,* 21 N Y 2d 258). The objection

by defendant to any statements on the ground that defendant was intoxicated must be rejected because there is no showing that defendant, voluntarily intoxicated, was unable to understand the meaning of the statements or that he was intoxicated to the point of mania (see *People* v. *Schompert,* 19 N Y 2d 300).

The other points raised have been considered but do not warrant reversal. The judgment appealed from should be affirmed.

Stevens, P. J., Eager, Tilzer, Markewich and McNally, JJ., concur.

Judgment unanimously affirmed.