■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EARL SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 21, 1977, convicting

him of burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The People proved the defendant's guilt of burglary in the second degree beyond a reasonable doubt. A person commits the crime of burglary in the second degree when he remains in a dwelling unlawfully "at night" with intent to commit a crime therein (Penal Law, § 140.25). "Night" is defined by the statute as "the period between thirty minutes after sunset and thirty minutes before sunrise" (Penal Law, § 140.00). An appellate court may take judicial notice for the first time on appeal of a fact which was not brought to the attention of the trial court (*Hunter v New York, Ontario & Western R. R. Co.*, 116 NY 615). On September 17, 1976, the date of the alleged burglary, the time of sunset was 6:02 P.M. eastern standard time or 7:02 P.M. eastern daylight savings time. There was ample evidence at the trial that when the victim returned to his apartment and interrupted the burglary in progress, the time was approximately 8:30 P.M. The admission of the codefendant's statement implicating the defendant was not error. The defendant's right of confrontation was satisfied when the codefendant took the stand at the trial (see *People v Payne*, 35 NY2d 22). While the right to a separate trial is broader than the right to confrontation, there was no prejudice in view of the substantial independent proof of the defendant's guilt (cf. *People v Payne, supra*). The sentence was not excessive. We have also considered the arguments made by the defendant *pro se* and we affirm the conviction. Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur.