■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE THOMPSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 5, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On December 10, 1979, Diane Haynes was robbed at knifepoint in front of her home on Lafayette Avenue in Brooklyn. Shortly after the robbery, she went to the police precinct and identified a mug shot of defendant as the man who robbed her. On December 17, 1979, Detective Leonard Lehman went to Haynes' home and showed her an array of six photographs, one of which was a photograph of defendant. Haynes again identified the photograph of defendant as the man who robbed her. However, this photograph was a copy of the same photograph Haynes had identified at the precinct on the night of the robbery. On March 22, 1980, defendant was arrested on unrelated charges. He was brought to the precinct, where the police conducted a lineup. Prior to the lineup, Detective Lehman notified Haynes that the man she had identified from photographs would be present in the lineup. Haynes once again identified defendant as the man who robbed her. Following a *Wade* hearing, the trial court suppressed the latter two pretrial identifications of defendant by Haynes. The court found that the conduct of the police prior to the second photographic identification and the lineup were overly suggestive. However, the court refused to suppress an in-court identification of defendant by Haynes. The court found that there was an independent source for the identification. At the trial, Haynes identified defendant as the man who robbed her. Defendant was convicted of robbery in the first degree. Defendant contends that the in-court identification was so tainted by the suppressed pretrial identification procedures that it also should have been suppressed. Defendant also contends that three comments in the prosecutor's summation denied him due process, and the Trial Judge's charge to the jury was improper in that he used the words "if the scales are even" and stated that truthfulness was an issue for the jury to determine. The trial court did not err in refusing to suppress Diane Haynes' in-court identification of defendant. The incident, which according to Haynes' testimony at the trial, lasted about seven minutes, was of sufficient duration for Haynes to get a good look at defendant. The area where the incident occurred was illuminated by a street light and a light in the vestibule of Haynes' apartment building. Haynes was not a casual observer and paid scrupulous attention to defendant's features. Her initial description of defendant to the police was accurate and detailed, especially with regard to his facial features. She was sufficiently certain that the mug shot of defendant which she saw at the police precinct depicted the man who robbed her, and this initial identification occurred within one hour of the robbery. Under these circumstances, there was clear and convincing evidence that the witness had an independent basis for identifying the defendant (see *Manson v Brathwaite,* 432 US 98, 114; *Neil v Biggers,* 409 US 188, 199-200; *People v Hall,* 81 AD2d 644). Regarding the prosecutor's summation, we find that he did not vouch for the credibility of the complaining witness. The other alleged errors regarding two other comments of the prosecutor during his summation and the trial

court's charge to the jury were not properly preserved for review. No objection was raised as to either the latter two allegedly improper comments by the prosecutor or the allegedly improper charge (see CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467; *People v Giles,* 87 AD2d 636). We note that the use of the words "if the scales are even" in charging the jury as to reasonable doubt is strongly disapproved (see *People v Melville,* 90 AD2d 488). However, under the circumstances of this case, where the burden of proof was adequately explained in detail to the jury, the quoted language did not unduly prejudice the defendant so as to require a reversal in the interest of justice. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.