■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC WEBB, JR., Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered February 15, 1980, convicting him of criminal possession of a controlled substance in the first degree, criminally using drug paraphernalia in the second degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. Judgment affirmed. On September 3, 1976, police executed a search warrant at defendant's apartment in Brooklyn and uncovered powdery substances containing heroin, glassine envelopes and other narcotics paraphernalia. As a result, defendant was charged in an indictment with possession of drugs and drug paraphernalia. Defendant was convicted on the indictment, but his conviction was reversed by this court (see *People v Webb,* 68 AD2d 331), and he now appeals from the judgment of conviction rendered on the retrial. We affirm and comment briefly on several of his arguments. First, defendant complains that the trial court unduly limited cross-examination at a pretrial suppression hearing. He had sought to suppress the evidence obtained pursuant to the search warrant on the ground that the warrant was legally deficient because it did not accurately describe the premises to be searched. In our view, there was no need for an evidentiary hearing as defendant expressly raised only legal issues, not factual ones, which were resolvable by reading the warrant and supporting papers (see CPL 710.60; *People v Roberto H.,* 67 AD2d 549). Consequently, any circumscription of cross-examination was entirely irrelevant (cf. *People v Plevy,* 52 NY2d 58, 66). In any event, the court did not abuse its discretion in limiting cross-examination on collateral issues (*People v Duffy,* 36 NY2d 258, 262-263) and suppression was properly denied (cf. *People v Salgado,* 57 NY2d 662; *People v Taggart,* 51 AD2d 863). Nor was it improper to admit into evidence defendant's statement that "I've done my thing and I'll do my time". By failing to object on the ground that he did not receive statutory notice (CPL 710.30), defendant waived his right to complain on appeal (*People v Ross,* 21 NY2d 258, 262; *People v Brown,* 33 AD2d 735; *People v Weis,* 32 AD2d 856, 858). Moreover, notice was probably not required because the People did not intend to, and did not, in fact, use the statement as part of their direct case (see *People v Harris,* 25 NY2d 175, 177, affd 401 US 222; *People v Skokan,* 50 AD2d 615). While the trial court's reference to "scales are even" in its charge on reasonable doubt was error (*People v Melville,* 90 AD2d 488; *People v Butler,* 67 AD2d 950), when read as a whole (see *People v Russell,* 266 NY 147), the charge conveyed the correct rule of law to the jury and, therefore, furnishes no basis for reversal (*People v Thompson,* 97 AD2d 554; *People v Hall,* 82 AD2d 838; *People v Fox,* 72 AD2d 146; *People v Cohen,* 61 AD2d 929). The remaining contentions have been considered and have been found to be without merit. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.