■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR McNEIL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 19, 1980, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements made by him.

Judgment reversed, on the law and the facts, motion to suppress statements granted, plea vacated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

As defendant argues, and the People concede on appeal, defendant's arrest was made without probable cause. Moreover, we find that there were no intervening events between the illegal detention and the statements obtained which, by breaking the causal connection between them, purged the primary taint (see *Taylor v Alabama,* 457 US 687; *Brown v Illinois,* 422 US 590; *People v Butler,* 80 AD2d 644). Only 10 minutes elapsed between defendant's arrest and his first inculpatory statement, made upon his arrival at the precinct, during which time no significant intervening event occurred. His second statement, almost identical to the first, was made approximately two and a half

hours later to an Assistant District Attorney. Again, no significant event occurred, and that statement was clearly a result of the first. Accordingly, we conclude that defendant's statements were the fruits of his illegal arrest, and must be suppressed. Bracken, O'Connor and Rubin, JJ., concur.

Titone, J. P., dissents and votes to affirm the judgment, with the following memorandum with which Gibbons, J., concurs: On September 17, 1979, Detective George Zicarelli of the Cleveland, Ohio Police Department was shot to death in the parking lot of a Queens motel. Five days later, defendant McNeil was arrested and, within minutes, admitted his involvement in the crime. Charged, along with two codefendants, with murder in the second degree, defendant sought to suppress all of his statements upon the ground that they were illegally obtained. Following a hearing, Criminal Term found that probable cause for defendant's arrest had been established and denied the motion. Defendant subsequently pleaded guilty to manslaughter in the first degree in satisfaction of the indictment.

On appeal, the People now purport to concede the absence of probable cause for defendant's arrest and rely solely on attenuation. I agree that this argument cannot be sustained, but would reject the concession, which is not binding on us (see *People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33, 35, and the authorities cited therein), and affirm.

The standard applied in ascertaining the existence of probable cause to arrest is whether the facts and circumstances are such that a reasonable person would entertain an honest belief that a crime has been committed and that the defendant was the individual who committed it (*Brinegar v United States,* 338 US 160, 175-176; *People v Brnja,* 50 NY2d 366, 373). That the facts would not support a conviction is, of course, irrelevant, as the concern is with probabilities, not proof beyond a reasonable doubt (*People v McRay,* 51 NY2d 594, 602; *People v Valentine,* 17 NY2d 128, 131; *People v White,* 16 NY2d 270, 273; *People v Weis,* 32 AD2d 856, cert den 397 US 1047).

In my view, this threshold was met. At the time that the defendant was placed under arrest, his fingerprints had been found on the getaway car and he had told another individual that he knew that codefendant Williams had "shot a cop".

To be sure, with the benefit of hindsight, a stronger case may have been developed had the investigating officers delayed the defendant's arrest while they continued to pursue developing leads. But this would not detract from a finding of probable cause on this record. Indeed, in *United States v Miles* (468 F2d 482, 488), the Third Circuit, confronted with similar facts, had

no difficulty in concluding that probable cause for arrest had been established (see, also, *People v Miner,* 42 NY2d 937; but cf. *Birt v Superior Ct.,* 34 Cal App 3d 934).

Accordingly, I would affirm.