■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TOWNES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered May 28, 1982, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that the People failed to adduce any evidence of the time of sunrise on the morning of the crime and, therefore, failed to prove the nighttime element of burglary in the second degree, an essential element of the crime as defined by subdivision 2 of section 140.25 of the Penal Law as it existed on January 1, 1981. "Night" is defined by subdivision 4 of section 140.00 of the Penal Law as the period between 30

minutes after sunset and 30 minutes before sunrise. One witness testified that at approximately 4:00 A.M. on January 1, 1981, he heard unusual noises and saw property which had been removed from the burglarized premises. A police officer testified that he spotted and apprehended defendant inside the burglarized premises sometime between 6:00 and 6:30 A.M. The police officer testified that when he left the burglarized premises for the station house after arresting defendant, it was dawn. He filled out his arrest report between 6:30 A.M. and 7:15 A.M. This testimony was sufficient for the jury to conclude that defendant had committed a burglary at night (*People v Barnes,* 50 NY2d 375). Moreover, the People have, on appeal, provided this court with a basis upon which to take judicial notice that sunrise occurred at 7:20 A.M. on the morning of the crime (*People v Smith,* 62 AD2d 1043).

Defendant also contends that he was deprived of due process when the trial court utilized the phrase "if the scales are even" when charging the jury as to reasonable doubt. This is error and this court has reversed convictions based in part upon the use of "even scales" language in a reasonable doubt charge (*People v Wade,* 99 AD2d 474; *People v Melville,* 90 AD2d 488; *People v Butler,* 67 AD2d 950). However, we have declined to reverse where "even scales" language was used in a reasonable doubt charge where, read as a whole, the charge adequately explained the burden of proof in detail to the jury (*People v Navarro,* 104 AD2d 958; *People v Thompson,* 97 AD2d 554; *People v Webb,* 97 AD2d 779; *People v Ortiz,* 92 AD2d 595; *People v McCray,* 57 AD2d 632). Examination of the entire reasonable doubt charge at bar indicates that the jury was correctly apprised of the law. Furthermore, the proof of guilt was overwhelming. No exception to this language was taken at trial, and a reversal is not required in the interest of justice.

We see no basis for reversal in defendant's other contentions. Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.