■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN ATKINSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered October 5, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5).

The trial court did not err in charging the jury that it could infer defendant's guilt from his recent and exclusive possession of the fruits of the crime, if such possession was unexplained or falsely explained. Recent and exclusive possession is not required to be proved by direct evidence; circumstantial evidence of such possession suffices to warrant the charge (see *People v Foley,* 307 NY 490). Under the circumstances of this case, the jury could conclude that defendant possessed property stolen from the burglarized premises. We further note that there was direct evidence of defendant's guilt (see *People v Barnes,* 50 NY2d 375).

We find no merit to defendant's other contentions. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BEBEE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 13, 1982, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The complainant's testimony was properly received into evidence (see *People v Morales,* 37 NY2d 262; *People v Alex,* 260 NY 425). Although a police officer's testimony constituted improper bolstering of the complainant's statements, there is no significant probability that the jury would have acquitted defendant in the absence of this testimony (see *People v Johnson,* 57 NY2d 969).

We also note that although the use of the phrase "if your minds are waivering [*sic*] or the scales are even" in charging the jury as to reasonable doubt is strongly disapproved, the charge, in its entirety, conveyed the appropriate standard of proof (see *People v Webb,* 97 AD2d 779; *People v Thompson,* 97 AD2d 554). Therefore, reversal on this ground in the interest of justice is not required.

We find that the sentence imposed was an appropriate exercise of the court's discretion. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.