■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS WYNN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 15, 1982, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A review of the record indicates that the prosecution presented sufficient evidence to establish a prima facie case against defendant for criminal possession of a weapon in the second and third degrees. Contrary to defendant's position, we find that the fact that defendant withdrew the weapon when the complainant and his companion exited from the social club, and then ran across the street and stood behind a parked car with the gun in hand, was sufficient evidence to raise a question of fact as to whether he intended to use the gun unlawfully against the complainant. In view of this evidence, we conclude that the trial court acted properly in charging the jury as to the permissible presumption created by Penal Law § 265.15 (4).

Next, we find defendant's claim that the trial court erred in failing to instruct the jury on the issue of justification to be without merit. First, it is established that the defense of justification is not available when, as in the case at bar, the charged crime is possessory in nature (*People v Almodovar*, 62 NY2d 126). Second, even assuming that the justification defense did apply, no reasonable view of the evidence would support such a defense. In any event, defense counsel never requested such a charge nor was an exception taken to its absence from the charge. Accordingly defendant's claim was not preserved for appellate review (CPL 470.05 [2]; *People v Harrell*, 59 NY2d 620).

In conclusion, it is noted that defendant's challenges to the trial court's charge on the issues of reasonable doubt and the witnesses' credibility were also not preserved for appellate review since no such exceptions were taken to the court's charge (CPL 470.05 [2]; *People v Harrell, supra*). In any event, we find that the court's charge on these issues does not constitute

grounds for reversal. While the court's use of the "wavering scales" metaphor and its reference to "moral certainty" in its reasonable doubt charge were improper (*People v Navarro,* 104 AD2d 958; *People v Stevenson,* 104 AD2d 835; *People v Ortiz,* 92 AD2d 595), when read as a whole, the charge conveyed the correct rule of law to the jury and thus did not constitute reversible error (*People v Thompson,* 97 AD2d 554; *People v Webb,* 97 AD2d 779). Finally, we find no error in the court's charge on the issue of credibility. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.