■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO QUINONES VALDIVIA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Hyman, J.), rendered March 11, 1982, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and sentencing him to two consecutive terms of imprisonment of 8⅓ to 25 years to run concurrent to two concurrent terms of imprisonment of 2⅓ to 7 years and 1 to 4 years, respectively.

Judgment modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of unlawful imprisonment in the first degree, vacating the sentence imposed thereon and dismissing that count, and by providing that the sentences for rape in the first degree and sodomy in the first degree are to run concurrent with each other. As so modified, judgment affirmed.

While riding an elevator to her sixth-floor apartment at approximately 3:00 A.M. on April 12, 1981, the complainant was

confronted by an assailant brandishing a knife. The assailant pressed the buttons to all the floors up to the sixth floor and, at each floor, looked up and down the hallway. The elevator was lit, and the complainant was able to look at her assailant's face. The assailant spoke English with a very heavy accent. Eventually the elevator returned to the first floor and the assailant motioned the complainant to an elevator bank on the other side of the building. The complainant and the assailant entered another elevator, where the assailant sexually abused and sodomized the complainant. The assailant motioned the complainant out of the elevator and into apartment 1-J, where he raped and sodomized her. The assailant then permitted the complainant to leave the apartment.

The complainant brought the police to 1-J within one hour of the commission of the crimes. The police took down the door to the apartment, but found no one inside.

The complainant described her assailant to the police as being either a male Hispanic or foreigner, between 46 and 50 years of age, 5 feet, 10 inches tall, with dark brown hair, and light acne or pockmarks. In a subsequent conversation with the police prior to the arrest of defendant, the complainant stated that the assailant had an indentation on the left side of his nose.

Defendant, the lessee and sole resident of apartment 1-J, was a Hispanic male, age 40, 5 feet, 8 inches tall, with many scars and lines on his face and an indentation on the left side of his nose. Furthermore, defendant displayed great difficulty in speaking English at the trial, during which the complainant made a positive identification. Defendant did not assert that anyone other than the superintendent had a key to his apartment, and did not seek to implicate the superintendent. The evidence that defendant was the assailant was thus overwhelming.

We strongly condemn several errors committed by the prosecutor. Defendant's alibi witness was improperly cross-examined concerning his taking an affirmation in lieu of an oath, and the prosecutor made a reference to the affirmation in his summation. However, impeachment by inquiry into a witness' religious beliefs or lack thereof is not per se reversible error and, in light of the short duration and relatively neutral tone of the cross-examination, the mere fleeting reference in summation to the affirmation, and the overwhelming proof of guilt, we hold the error to be harmless (*see, People v Wood,* 107 AD2d 830).

Similarly, in his summation the prosecutor referred to the "man [*sic*] untruths" allegedly spoken by defendant and characterized defendant's testimony as "an out and out series of lies". It

is fundamental that a prosecutor, in summing up, should argue only from the evidence, should not seek to prejudice the jury by inflammatory comment (*see, People v Ashwal,* 39 NY2d 105), and should not present his or her opinion as to the veracity of the witnesses (*People v Whitehurst,* 87 AD2d 896; *People v Schaaff,* 71 AD2d 630). Although those comments were improper, we conclude that the evidence of defendant's guilt was so overwhelming as to render these errors harmless.

We note that although the use of the phrase "if your minds are wavering or the scales are even" in charging the jury as to reasonable doubt is strongly disapproved, the charge, in its entirety, conveyed the appropriate standard of proof (*see, People v Bebee,* 105 AD2d 751; *People v Webb,* 97 AD2d 779; *People v Thompson,* 97 AD2d 554).

On consent of the District Attorney, we have dismissed the count charging defendant with unlawful imprisonment in the first degree, since that crime merged with the other crimes (*see, People v Pellot,* 105 AD2d 223).

Further, in the exercise of the court's discretion, we modify the judgment by ordering that all the prison terms to which defendant was sentenced run concurrently (*see generally, People v Suitte,* 90 AD2d 80). Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.