THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN BLACKSHEAR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 1, 1983, convicting him of robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is without merit. The complainant's testimony identifying the defendant as one of the assailants was strong and unwavering, and was based upon the complainant's prior observation of the defendant in the neighborhood, as well as his observation of the defendant at the time of the crime itself. Viewing the evidence in the light most favorable to the People, we cannot say that the jury acted irrationally in crediting the complainant's testimony (*see, Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620). The minor inconsistencies in the testimony of the prosecution's witnesses were brought out by defense counsel during cross-examination and the jury was fully aware of them in reaching its verdict. Having been aware of all of the evidence

and having rendered a verdict amply supported by that evidence, the jury's decision should not now be disturbed (*see, People v Kennedy,* 47 NY2d 196; *People v Rosenfeld,* 93 AD2d 872).

Likewise, defendant's contention that a mistrial was mandated by the complainant's brief, ambiguous reference to a prior crime allegedly committed by the defendant is also unpersuasive. Although the reference to a prior mugging was improper, the record clearly establishes that the statement was elicited only after defense counsel repeatedly pressed the witness as to his past observations of the defendant (*see, People v Al-Kanani,* 33 NY2d 260, *cert denied* 417 US 916; *People v Boxill,* 111 AD2d 399). It should also be noted in this regard that the Assistant District Attorney had informed the Trial Judge and defense counsel, prior to the commencement of trial, that the complainant claimed that he recognized the defendant for the reason, among others, that he had been mugged previously by the defendant. Furthermore, the statement was cut off in midstream by the trial court's prompt intercession, thus minimizing any prejudicial effect which it might have had. We also note that, while the error was slight, defense counsel unreasonably insisted that a mistrial be declared, and refused the court's offer of a curative instruction to the jury (*see, People v Santiago,* 52 NY2d 865; *People v Young,* 48 NY2d 995).

Finally, defendant points to several errors in the trial court's charge on the applicable standard of proof. The only one of these errors which has been preserved for our review is the court's statement that "reasonable doubt" is not "a requirement of proof beyond all reasonable doubt". Although this remark is an erroneous statement of the law, a careful review of the entire charge convinces us that the charge, as a whole, conveyed the proper standard of proof to the jury (*see, People v Canty,* 60 NY2d 830; *People v Townes,* 104 AD2d 1057; *People v Webb,* 97 AD2d 779). Moreover, any confusion which might have been caused by the statement was in all likelihood cured by the trial court's repeated references to the proper standard and to the heavy burden of proof which rests on the People (the court so indicated 22 times during the course of the trial) (*see, People v Griffin,* 100 AD2d 659). Although not preserved for our review, we find, in any event, that the single reference in the charge to "wavering minds" and "even scales", while error, does not warrant reversal, as the evidence of defendant's guilt was strong, and the charge, when viewed as a whole, adequately apprised the jury of the

proper standard of proof to apply to the evidence before it (see, *People v Robinson,* 36 NY2d 224; *People v Townes, supra; People v Navarro,* 104 AD2d 958; *People v Webb, supra; People v Thompson,* 97 AD2d 554). We therefore affirm. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.