◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WALTERS, Appellant.—Appeal by defendant from a

judgment of the Supreme Court, Queens County (Farlo, J.), rendered June 2, 1983, convicting him of manslaughter in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On December 31, 1981, at approximately 10:45 P.M., the owner of a gas station located on Queens Boulevard was viciously beaten about his head with a baseball bat which he had displayed to two individuals who attempted to rob him. The severe injuries suffered by the victim led to his death eight days later. The defendant was identified as the bat-wielding assailant by an employee of the victim who witnessed the incident, and by a security guard patrolling the area who observed the defendant carrying the bat as he left the scene of the crime.

During the trial, two alibi witnesses testified for the defense, as well as one eyewitness who was unable to identify defendant as the perpetrator during a pretrial photographic viewing, and who testified at trial that although defendant was not the assailant, he looked like him.

Viewing the evidence in the light most favorable to the People, as we must, a rational trier of fact could have found that the People proved defendant's guilt beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620). The conflict in the testimony raised issues concerning credibility and the weight to be accorded to the evidence which were properly left for the jury to determine *(see, e.g., People v Gruttola,* 43 NY2d 116; *People v Joyiens,* 39 NY2d 197; *People v Herriot,* 110 AD2d 851, 852).

The trial court did not abuse its discretion in ruling that the People could inquire as to defendant's 1979 larceny convictions, because these "are highly probative of a defendant's willingness to advance his self-interest at the expense of others" *(People v Williams,* 108 AD2d 767).

We also reject defendant's contention that he was denied a fair trial due to several remarks made during the trial by the prosecutor. Although these remarks may have been improper, the record reveals that defense counsel did not seek a mistrial or request further curative instructions, so it must be assumed that the court's prompt intervention, and in some cases, express admonitions to the jury to disregard the statements, cured the defects to defendant's satisfaction *(see, People v Jalah,* 107 AD2d 762, 763). Also, we conclude that the evidence of defendant's guilt was overwhelming, thereby render-

ing these claimed errors harmless *(see, People v Valdivia,* 108 AD2d 885, 886).

We also find that the sentencing court did not abuse its discretion and that there is no basis for a downward modification of the sentence *(see, People v Suitte,* 90 AD2d 80).

We find no basis to conclude that the pretrial identification procedures were unnecessarily suggestive and conducive to irreparable mistaken identification *(see, Stovall v Denno,* 388 US 293, 301-302; *People v Russo,* 109 AD2d 855). Also, we agree with the suppression court's ruling that defendant's statement to the police was spontaneous and not the result of police inducement, provocation, encouragement, or acquiescence *(see, People v Maerling,* 46 NY2d 289, 302-303). Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.