■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ILIA GOLDSTEIN, Respondent.—Order, Supreme Court, New

York County (Jerome W. Marks, J.), entered May 31, 1984, setting aside the verdict of a jury finding defendant guilty of the crime of criminal possession of a weapon in the third degree, is unanimously reversed, on the law, the verdict reinstated, and the matter remanded for the imposition of sentence as required by law.

In support of its decision from the Bench to grant defendant's motion to set aside the verdict and dismiss the indictment, Criminal Term articulated four reasons: (1) the People had failed to "make out a prima facie case of identification"; (2) it was error for the court not to have charged the jury upon the defense of justification (Penal Law § 35.05); (3) the evidence established the defense of justification as a matter of law; and (4) the verdict was against the weight of the credible evidence. Upon appeal by the People from this ruling we hold that none of the four grounds cited will withstand analysis.

The evidence adduced by the People at trial entitled the jury to find that on December 15, 1983, shortly after 6:00 P.M. on West 23rd Street in Manhattan, defendant was shot by an unknown gunman five or six times at a distance of about seven feet and crumpled forward to the ground holding his abdomen, and that before collapsing he withdrew a gun from inside his clothing and fired two or three shots at the gunman and driver of the fleeing car. Dr. Lorraine Tosiello, a third-year resident in internal medicine, testified that she was an eyewitness to this very brief exchange of gunfire, immediately ran to a telephone to report the incident, and then returned to the scene to render medical assistance. Two other witnesses, one from a seventh and another from a second floor apartment window, also testified to seeing defendant in possession of a silver gun during the course of the incident. A silver gun was recovered from garbage bags adjacent to the spot where defendant fell. Ballistics testimony established that this gun had jammed with four rounds of ammunition remaining in its clip, that it was operable, and had recently been discharged.

While the court may have been justified in assessing Dr. Tosiello's identification of defendant as "weak", or even "as weak as any identification I have ever heard", any such deficiency was rendered immaterial first by defense counsel's concession before the jury that identification was not a contested issue in the case, and second by defendant's own testimony placing himself at the scene in support of his contention that he wrested the gun from one of his two assailants during the melee and therefore his possession of the firearm was transitory and innocent. Thus, whatever the state

of the record at the close of the prosecutor's case-in-chief, "it is settled that a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People's case, proceeds with the risk that he will inadvertently supply a deficiency in the People's case". *(People v Kirkpatrick,* 32 NY2d 17, 21.) Therefore the verdict is not subject to impeachment on the basis of faulty identification.

Neither does the withholding of the defense of justification from the jury warrant judicial interference with the verdict. If, arguendo, such a course was error (and indeed it was not), it would support a vacatur of the verdict only if the error "would require a reversal or modification of the judgment as a matter of law by an appellate court." (CPL 330.30 [1].) Defendant did not preserve that claim for review. Defendant requested and received a charge on his defense of transitory possession; he requested a justification charge only if the People intended to argue in summation that defendant's possession was illegal because he fired the gun. The People avoided any such argument; the court accordingly did not charge justification, and defendant took no exception, thus effectively waiving this point. Furthermore, since this was simply the possessory crime without any graver allegation of intent to use the weapon unlawfully, justification was irrelevant as a matter of law *(People v Almodovar,* 62 NY2d 126, 130; *see, People v Wynn,* 108 AD2d 768).

The fourth ground adduced by Criminal Term, namely that the verdict was against the weight of the credible evidence, is wholly insufficient. It is now beyond the power of a trial court to disturb a verdict on this ground because a determination that the weight of the evidence is legally insufficient to support a conviction does not "require a reversal * * * of the judgment as a matter of law" under CPL 330.30 (1) *(People v Colon,* 65 NY2d 888; *see also, People v Goodfriend,* 64 NY2d 695; *People v Carter,* 63 NY2d 530). Such a contention only ripens for consideration after the entry of judgment and submission of defendant's appeal. Concur—Sandler, J. P., Carro, Fein, Milonas and Wallach, JJ.