■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY CHAPMAN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered March 21, 1984, convicting him of attempted robbery in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Judgment affirmed.

The objections raised on appeal concern the identification of the defendant by the complainant and alleged errors in the court's charge.

The defendant was taken into custody for an unrelated crime by two citizens who wrestled a gun away from him and handed him over to the police. The victim in the subject case, an off-duty police officer, was then directed to the scene for a showup identification.

The expertise of trained police officers in identification situations has been judicially recognized *(see, e.g., People v Morales,* 37 NY2d 262; *People v Rubio,* 118 AD2d 879). The attempted robbery of the off-duty police officer lasted for approximately 10 to 15 minutes, during which time he had ample opportunity to observe the perpetrators in a well-lit setting. At times, the officer and the defendant were only 2 to 3 feet apart. After they fled, the police officer pursued the culprits and observed them for several minutes through a store window. The officer was able to provide the police with a detailed description of the perpetrators and succeeded in making a prompt and positive identification upon viewing the defendant. The use of a showup identification procedure in this case was not so conducive to irreparable mistaken identity as to deny the defendant due process *(see, People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Acevedo,* 102 AD2d 336).

The defendant's claims of error with respect to the court's charge are unpreserved. In any case, the charge, viewed in its entirety, adequately conveyed the concepts of proof necessary in a criminal case *(see, People v Bowers,* 107 AD2d 703; *People v Townes,* 104 AD2d 1057). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.