■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HUNTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered February 4, 1981, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that the trial court improperly permitted the People to introduce, over objection, testimony of a police officer regarding an incriminating statement allegedly made by him, because the People failed to serve the required statutory pretrial notice of their intention to offer such evidence at the trial (CPL 710.30 [1]). However, at the trial, the defense counsel simply raised a general objection to the admission of the officer's testimony, and did not specifically object on the ground that CPL 710.30 had not been complied with. Thus, the defendant has failed to preserve a question of law for appellate review (CPL 470.05; People v Ross, 21 NY2d 258, 262-263; People v Webb, 97 AD2d 779; People v Lee, 35 AD2d 853; People v Brown, 33 AD2d 735; People v Weis, 32 AD2d 856, cert denied 397 US 1047).

Moreover, the proof of the defendant's guilt was overwhelming in this case. The evidence adduced by the People included the testimony of the victim, who had several opportunities to view the defendant at close range prior to being shot, and the testimony of a witness who observed the shooting, and chased after the suspect and apprehended him within a minute and a half thereafter. Therefore, we perceive no basis for reviewing the alleged violation of CPL 710.30 as a matter of discretion in the interest of justice (CPL 470.15 [6]).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.