■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NYEMCHEK, Also Known as MICHAEL NYMCHECK, Also Known as MICHAEL NHEMCHECK, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 1, 1984, convicting him of assault in the first degree (Penal Law § 120.10 [3]), assault in the second degree (Penal Law § 120.05 [2]), criminal possession of a weapon in the third degree, and leaving the scene of an accident, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his acquittal of the charge of assault in the first degree under Penal Law § 120.10 (1), coupled with his conviction of the lesser included offense of assault in the second degree under Penal Law § 120.05 (2), did not necessarily negate an element essential to his conviction of the charge of assault in the first degree under Penal Law

§ 120.10 (3). The acquittal of assault in the first degree under Penal Law § 120.10 (1) need only have meant that the jury found that the defendant did not *intend* to cause serious physical injury to the complainant. Since the definition of assault in the first degree under Penal Law § 120.10 (3) does not require intent on the part of the actor, but encompasses a depraved indifference to human life or recklessly creating a risk of death or serious injury, the verdict as to that count was not "inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" *(People v Tucker,* 55 NY2d 1, 4, *rearg denied* 55 NY2d 1039).

Although the use of the phrase "if your minds are wavering or if the scales of proof are even" in charging the jury as to reasonable doubt was improper, the charge, in its entirety, conveyed the appropriate standard of proof *(see, People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056; *People v Valdivia,* 108 AD2d 885).

The evidence adduced at the trial, when viewed in the light most favorable to the prosecution, was sufficient to sustain the defendant's convictions *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt, and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.