■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CORDERO, Appellant. [643 NYS2d 48] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 16, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's motion to suppress physical and identification

evidence was properly denied without a hearing since his allegations that the radio description of him was inaccurate and "erroneous" were factually insufficient to support his claim that the police lacked probable cause to arrest him (*People v Berdecia*, 223 AD2d 444).

Defendant's claim that he was entitled to a *Wade* hearing as to the identification made by the buying officer, based on the fact that it was the ghost officer who radioed the description of defendant to the backup team rather than the buying officer, is unpreserved, since when defendant first learned of this fact at trial, he failed to move to renew his suppression motion pursuant to CPL 710.40 (4) (CPL 470.05 [2]), and we decline to review it in the interest of justice. In any event, were we to review it, we would find that the buying officer's identification was not subject to a *Wade* hearing since it was confirmatory in nature (*People v Wharton*, 74 NY2d 921).

Defendant's claim that the People failed to give proper notice under CPL 710.30 regarding the ghost officer's identification testimony is also unpreserved since he failed to raise it before the trial court (*People v Hunter*, 122 AD2d 166, *lv denied* 68 NY2d 770). In any event, his claim is without merit since the CPL 710.30 notice was not required for this confirmatory identification. Indeed, the ghost officer witnessed the sale from a distance of only three car lengths away, obtained a good look at defendant, including his facial features, and viewed defendant continuously up until the time of arrest. Contrary to defendant's contention, under these circumstances, the ghost officer's testimony was properly admitted (*see, People v Wharton, supra*). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.