■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL GILLETTE, Appellant. [739 NYS2d 75] —Judgment, Supreme Court, New York County (Donna Mills, J.), rendered January 6, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

During trial, it was revealed that a "ghost" undercover officer observed the sale, got a good look at defendant, transmitted a radio message to his field team to arrest defendant and viewed him continuously up until his arrest. To the extent that these circumstances could be characterized as an identification, such identification was clearly confirmatory and exempt from the notice and hearing requirements of CPL article 710 (*see, People v Newball*, 76 NY2d 587, 592; *People v Wharton*, 74 NY2d 921; *People v Cordero*, 227 AD2d 290, *lv denied* 88 NY2d 1020). Therefore, defendant was not entitled to preclusion of this testimony for lack of CPL 710.30 (1) (b) notice.

Any error in the challenged portion of the prosecutor's summation was ameliorated by the court's instructions on the People's burden of proof and does not warrant reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The court's reasonable doubt charge, considered as a whole, conveyed the appropriate principles (*see, People v Cubino*, 88 NY2d 998).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental briefs. Concur—Nardelli, J.P., Buckley, Ellerin, Lerner and Rubin, JJ.