■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DUPLESSIS, Appellant. [791 NYS2d 214]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered April 16, 2003, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant was arrested after he sold crack cocaine to two undercover police officers. A jury found defendant guilty of two counts each of criminal sale and criminal possession of a controlled substance in the third degree. County Court sentenced him to four concurrent terms of 6 to 18 years in prison. Defendant appeals.

County Court properly permitted the People to reopen their case during defense counsel's summation when counsel opened the door to precluded evidence. While CPL 260.30 spells out the order of a criminal jury trial "in general," the trial court has discretion to alter the order of the proceedings up until the time the case is submitted to the jury, and its determinations in that regard will not be reviewed absent an abuse of discretion (*see People v Rostick*, 244 AD2d 768, 769 [1997], *lv denied* 91 NY2d 929 [1998]; *People v Hinkley*, 178 AD2d 800, 800 [1991], *lv denied* 79 NY2d 948 [1992]).

As a result of pretrial proceedings, County Court had precluded the prosecution from using evidence related to a stash of drugs found on defendant during booking, but warned that the ruling could be revisited if defendant raised any defense touching on the matter. During summation, defense counsel implied that when defendant was arrested he did not possess the plastic bag of drugs that officers testified they had seen during the sales. The court correctly determined that defendant

used the pretrial ruling as a shield during testimony and as a sword during summations, inviting the jury to speculate that no drugs were found on defendant when he knew the People were precluded from introducing existing evidence to the contrary. Modification of the prior ruling was necessary to prevent the jury from being misled by the defense summation (*see People v Schwerbel*, 224 AD2d 830, 831 [1996]), and the court instructed the jury regarding the proper use of the permitted evidence.

Defendant was not entitled to CPL 710.30 notice relating to Samuel Mercado's identification of defendant. Mercado was the supervising officer, observed defendant and the scene during the entire drug sales, listened to the negotiated transactions over a wire, radioed a description of defendant to the arresting officers and observed defendant until his arrest. His participation in the drive-by identification was limited to actually driving the vehicle containing the two undercover agents to the prearranged spot for them to observe defendant. To the extent that these circumstances could be considered a pretrial identification by Mercado, it was merely confirmatory, thus exempt from the notice and hearing requirements of CPL 710.30 (*see People v Gillette*, 292 AD2d 250, 250 [2002], *lv denied* 98 NY2d 675 [2002]; *People v Broadwater*, 248 AD2d 719, 720-721 [1998], *lv denied* 92 NY2d 848 [1998]; *People v Rufin*, 237 AD2d 866, 867 [1997]).

The prosecutor's two comments in summation, submitting that there was no conspiracy by police to frame defendant, was a fair comment in response to the defense theory of misidentification by the officers and attacks on their credibility (*see People v Montgomery*, 8 AD3d 881, 883 [2004], *lv denied* 3 NY3d 678 [2004]; *People v Ciborowski*, 302 AD2d 620, 622-623 [2003], *lv denied* 100 NY2d 579 [2003]). Although the sentence imposed was greater than that offered as part of a plea bargain before trial, we will not disturb defendant's sentence because County Court considered the appropriate factors in reaching its determination (*see People v Smith*, 288 AD2d 693 [2001], *lv denied* 97 NY2d 761 [2002]; *People v Simon [Spook]*, 180 AD2d 866, 867 [1992], *lvs denied* 80 NY2d 838 [1992]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.