THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER H. KOCH, Appellant.

Argued May 24, 1949; decided July 19, 1949.

*Joseph Aronstein* for appellant. Appellant was denied due process of law by failure of the court properly to advise him of his right to counsel. (Code Crim. Pro., § 308; N. Y. Const., art. I, § 6; *Johnson* v. *Zerbst,* 304 U. S. 458; *People* v. *McLaughlin,* 291 N. Y. 480.)

*Charles P. Sullivan, District Attorney* (*Howard R. Lonergan* of counsel), for respondent. I. The due process clause of the United States Constitution or of the State Constitution did not require the State to furnish counsel to defendant in this case. (*Betts* v. *Brady,* 316 U. S. 455; *Foster* v. *Illinois,* 332 U. S. 134; *Bute* v. *Illinois,* 333 U. S. 640; *Central Sav. Bank* v. *City of New York,* 280 N. Y. 9.) II. Failure to appoint counsel for defendant in this case did not violate any other provision of the United States Constitution or of the State Constitution. (*Johnson* v. *Zerbst,* 304 U. S. 458; *Betts* v. *Brady,* 316 U. S. 455.) III. Defendant was advised of his constitutional right to counsel. (*Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1.) IV. The trial court was not required by statute to appoint counsel for defendant. (*People ex rel. Brown* v. *Board of Supervisors of Co. of Onondaga,* 102 N. Y. 691; *People* v. *Price,* 262 N. Y. 410; *People ex rel. Acritelli* v. *Grout,* 87 App. Div. 193,

177 N. Y. 587.) V. The trial court had no power to appoint counsel. (*People* v. *Price*, 262 N. Y. 410.) VI. Defendant was not forced to try his case without counsel.

DYE, J. Following a jury trial in Queens County Court, the petitioner-appellant, who was tried with a codefendant, Joseph Blunnie, was convicted of the crime of burglary, third degree, and grand larceny, second degree, and sentenced to a term of not less than two years and not more than four years in Sing Sing prison.

The defendant, Koch, now brings this proceeding in the nature of a· writ of error *coram nobis* to vacate the conviction and sentence based on an alleged denial of due process in that he was compelled to proceed to trial without the benefit of counsel and was thus deprived of the fair and impartial trial guaranteed to him by the State and Federal Constitutions (N. Y. Const., art. I, § 6; U. S. Const., 6th Amendt.). When the petitioner-appellant was arraigned under the indictment he was at liberty on bail. He appeared without counsel. Following his plea of " not guilty " he was asked by the assistant district attorney if he had an attorney. His reply being in the negative, the court interposed, saying: " You will have to have your own lawyer as long as you are on bail. It is only when a defendant is in jail that we assign counsel." ₀On an adjourned date a lawyer filed a notice of appearance which he later withdrew. Other adjournments were had in the course of which the court peremptorily revoked the bail and remanded defendant to custody. Thereafter at an adjourned date the case was set down for trial at which time the following colloquy occurred:

The court: " Koch, your case is down for trial today and I want to know if you are still of the same opinion that you want to defend yourself."

Defendant: " Your Honor, the last counsel — "

The court (interposing): " Don't hold me any chatter. Just answer my question. Are you still of the opinion that you want to defend yourself? "

Defendant: " I am willing to go on trial right now ".

The case did not go on trial that day but was held a few days later, resulting in a verdict and judgment of conviction from which no appeal was taken.

A defendant, of course, has the right under both the Federal and State Constitutions to defend in person or with counsel who may be either of his own choosing or under appropriate circumstances, by assignment by the court. (U. S. Const., 6th Amendt.; N. Y. Const., art. I, § 6; Code Crim. Pro., § 308; *People* v. *Price,* 262 N. Y. 410), which fundamental right the court must accord to him (*Glasser* v. *United States,* 315 U. S. 60) and which we have said includes a reasonable time to obtain counsel (*People* v. *McLaughlin,* 291 N. Y. 480). The State constitutional guarantee has been implemented by the legislative act which makes it mandatory upon the court to inquire of the defendant upon arraignment if " he desire the aid of counsel, and if he does the court must assign counsel " (Code Crim. Pro., § 308). There is no longer any doubt as to the scope and meaning of the provision. Failure to comply with it constitutes denial of a fundamental right and a conviction so had will be set aside (*People* v. *McLaughlin, supra*; *Matter of Bojinoff* v. *People,* 299 N. Y. 145; *Johnson* v. *Zerbst,* 304 U. S. 458). Such omission is sought to be justified on the theory that the defendant being at liberty on bail at the time of arraignment, an inference arose that he had the ability to procure and pay counsel of his own choosing and nullified any necessity for either inquiry or assignment of counsel. Such circumstance does not justify omission to observe fundamental constitutional safeguards designed to assure a fair trial in a criminal case. The fact of the matter is that the defendant was not accorded his rights either on arraignment or at a later time when bail had been revoked and the defendant had been remanded to custody. The court had a continuing opportunity at any time before trial to correct the previous omission and to accord defendant his rights. However, he chose not to do so but cut defendant off with a summary and arbitrary ruling calculated to discourage further comment by him and left him with no other alternative than to defend in person. This deprived him of his constitutional right to a fair trial. In principle, the situation here is no different than that presented in *Matter of Bojinoff* v. *People* (*supra,* p. 150). There we disapproved as constituting a denial of a fair trial the practice of the trial court not to inquire of defendant if he desired the aid of counsel, or to assign counsel, unless " ' the defendant pleaded *not guilty* ' " (cf. *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24, 26).

The orders should be reversed and the matter remitted to the Queens County Court with direction to vacate the judgment of conviction and to take such further proceedings as may be necessary not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and BROMLEY, JJ., concur.

Orders reversed, etc.