DIANA OVERLAND et al., as Executors of LEO D. OVERLAND, Deceased, Appellants, v. MAX ROTHENBERG, Defendant; ALEX EISENBERG, Respondent, and LE ROY FOODS, INC., Appellant.— In an action to set aside a contract and for other relief, plaintiffs and defendant Le Roy Foods, Inc., appeal from an order denying their motions to dismiss a counterclaim interposed by defendant-respondent Eisenberg, to compel said appellants to account and for other relief. Order reversed, with one bill of $10 costs and disbursements, and motions granted, without costs. Plaintiffs' testator made an assignment of 50% of any interest he had in and to a certain patent to the defendant Rothenberg and defendant-respondent Eisenberg. That assignment recited that defendant Le Roy Foods, Inc., was using and claiming the patent. If plaintiffs' testator owned the patent, defendant-respondent became a joint owner of the patent and as such, could not obtain an accounting or a share in any funds received by another joint owner from the exploitation of the patent. If plaintiffs' testator did not own the patent, he assigned nothing to defendant-respondent, who had no contractual relationship with the defendant Le Roy Foods, Inc. The counterclaim therefore states no cause of action against any party to the action. Wenzel, MacCrate, Schmidt and Beldock, JJ., concur; Adel, Acting P. J., dissents and votes to affirm.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY SCHECTMAN, Appellant.— In a proceeding in the nature of *coram nobis,* order of the County Court, Kings County, denying appellant's motion to vacate a judgment of conviction reversed and the matter remitted to said court for such further proceedings thereon as may be proper and not inconsistent herewith. Appellant was convicted on October 17, 1938, of the crime of robbery in the first degree. In this proceeding he contended, *inter alia,* that upon his trial he had been denied the right to defend in person and was compelled against his will to proceed with an inexperienced attorney, assigned by the court, who was unfamiliar with the facts in his case. In denying appellant's motion the learned County Judge found that the points raised thereon were known to appellant at the time of the judgment, and that they could have been raised and reviewed on an appeal which was taken to this court from the judgment of conviction. It is our opinion that if the testimony of appellant and his former attorney as to what transpired on the occasion of appellant's trial in the County Court is in accord with the facts, the errors complained of could not have been reviewed on his appeal, since it is claimed that the incidents complained of were not reported by the stenographer and did not appear upon the record. Although the learned County Judge has found that appellant was deprived of no constitutional right with respect to due process, we are unable to determine from that statement whether he credited the testimony of appellant and his former attorney, on the hearing before him. In order that a proper review of the determination may be had we should know what facts were found by the County Court on the issues presented. The People and the appellant should have leave to offer additional evidence, if so advised, and if a further hearing shall be had. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.