■    The People of the State of New York, Respondent, v. Sam Silver-
man, Appellant.— After trial appellant was found guilty of murder in the
first degree and sentence of death was imposed on January 23, 1934. The
judgment was affirmed (*People* v. *Silverman,* 264 N. Y. 606). Subsequently
the Governor commuted the sentence to life imprisonment. Appellant has
been continuously imprisoned since November 14, 1933. On September 19,
1955 appellant brought this proceeding in the County Court, Kings County,
to vacate the judgment of conviction on the ground that he was denied due
process in that counsel were assigned to him against his wishes and that the
additional counsel of his own choosing was forced to trial three days after
being retained, without adequate time in which to prepare a defense. Allega-
tions to such effect in the petition are admitted by failure to deny. The applica-
tion was denied without taking proof of the allegations in the petition or
holding a hearing at which appellant was present, as authorized by section 10-c
of the Code of Criminal Procedure. Order affirmed. Notwithstanding that
the allegations in the petition are uncontroverted, and the concession in the
respondent's brief herein that an application in the nature of *coram nobis* would
lie if appellant were forced to trial without adequate opportunity for the
preparation of a defense (*People* v. *Koch,* 299 N. Y. 378), we are of opinion
that no unlawful prejudice operates against appellant by the denial of his
application. It appears that in passing upon the application the County Court
consulted the minutes of the trial and the briefs submitted to the Court of
Appeals upon the appeal from the judgment. Such documents show that
appellant's testimony at the trial was of such nature as to justify the jury
in finding appellant guilty of the crime charged. Appellant testified that he
and others entered a store for the purpose of committing a robbery, that he
was armed with a gun, that in a struggle with the storekeeper the gun was
discharged and the storekeeper killed, and that the discharge of the gun was
accidental. On the appeal to the Court of Appeals it was argued on appellant's
behalf that the robbery had ended at the time of the shooting and that he
could not properly be convicted of a felony murder. The verdict of the jury
and the affirmance of the judgment must be held conclusive upon such issues.
Upon all the above considerations it must be held that the denial of appellant's
application, without granting a hearing upon the allegations of his petition,
is of no materiality and that he has not been denied due process of law.
Wenzel, Acting P. J., Beldock and Ughetta, JJ., concur; Murphy and Kleinfeld,
JJ., dissent and vote to reverse the order and to remit the proceeding for a
hearing at which appellant may be afforded an opportunity to adduce proof
with respect to the deprivation of his constitutional rights and the visitation
of prejudice upon him. In the absence of conclusive rebuttal, the allegations
of appellant warrant a hearing. (*People* v. *Richetti,* 302 N. Y. 290; *People* v.
*Langan,* 303 N. Y. 474.) We cannot say that no factor which a hearing might
disclose would serve to entitle him to a new trial (*People* v. *McLaughlin,* 291
N. Y. 480; *People* v. *Snyder,* 297 N. Y. 81; *People* v. *Guariglia,* 303 N. Y. 338;
*People* v. *Schectman,* 282 App. Div. 894).