■ THERESA MICHELETTI et al., Respondents, v. DOMINIO CIUFFETELLI et al., Defendants, and FRANK CIUFFETELLI et al., Appellants.— In an action by property owners to restrain the carrying on of a quarrying business on adjoining property in violation of a zoning ordinance, and for other relief, the appeal is from a judgment entered after trial in favor of respondents. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR F. HINSCH, Appellant.— On January 22, 1954 appellant was convicted in the County Court, Nassau County, of forgery in the second degree on his plea of guilty and was placed on probation. On October 15, 1954 he was convicted in the same court of forgery in the second degree, as a second felony offender, on his plea of guilty, and was sentenced to imprisonment for a term of 5 to 10 years. The appeal is from an order of said court denying an application in the nature of a writ of error *coram nobis* to vacate the judgment of conviction rendered January 22, 1954. Order reversed on the law and the facts and application remitted to the County Court, Nassau County, for such further proceedings as may be necessary and not inconsistent herewith. On the arraignment, when appellant was asked if he desired counsel, the clerk of the court stated that appellant was out on bail. Upon being advised of his right to counsel, appellant stated he understood that if he asked for counsel his bail would be revoked and he would be ordered to jail, and he asked the court if this was right. The court replied "I don't know that that is so, but if you are prepared to proceed without counsel you may do so." This led appellant to believe that he was correct in his impression that he would be committed to jail if he requested counsel. We do not regard this as a compliance with the constitutional and statutory requirements that a defendant is entitled to counsel and must be asked whether he desires the aid of counsel and that if he does the court must assign counsel (N. Y. Const., art. I, § 6; U. S. Const., 6th Amdt., 14th Amdt., § 1; Code Crim. Pro. §§ 8, 308). The proffer should be unequivocal and unconditional. On the facts presented by this record, we do not consider *People* v. *Crimi* (278 App. Div. 997, affd. 303 N. Y. 749) and *People* v. *Ivers* (285 App. Div. 845) as controlling. There it was held that a defendant's personal interpretation of the advice given him by the court that he would be required to pay assigned counsel was not a ground for the relief sought. We feel, rather, that the situation here is more nearly analogous to that in *People* v. *Koch* (299 N. Y. 378), where a defendant was informed that counsel would not be assigned when he was out on bail. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.