Desmond, J. (dissenting).
Before a New York City Magistrate sitting as a Court of Special Sessions, defendant Freudenberg brought on a coram nobis motion to vacate a judgment entered in 1937 in a New York City Magistrate’s Court sitting as a Court of Special Sessions which had convicted defendant of the crime of driving an automobile while intoxicated. His alleged grounds for relief were that in the 1937 proceedings he had not been properly advised of the charges against him and did not know and was not informed by the court that he had a right to be represented by counsel. After a trial of those allegations the Magistrate granted the motion and made an order vacating the 1937 judgment and ordering the remission of the fine then paid by defendant. The People appealed to Appellate Division, First Department, which affirmed with one Justice dissenting. The Appellate Division majority held that this City Magistrate, although he was not the one before whom the 1937 case was tried, had power as a Court of Special Sessions to exercise coram nobis jurisdiction as to that conviction. The dissent expressed the view that there was no statute granting to a City Magistrate the power to exercise coram nobis jurisdiction as a Court of Special Sessions.
I will take up the People’s points in this order: first, that the Magistrate acted without authority; second, that coram nobis was not available since defendant could have appealed from his conviction, and, third, that his assertions as to denial of his rights in the 1937 proceedings were conclusively shown by the stenographic records to be false.
As to the jurisdiction of this Magistrate sitting as a Court of Special Sessions to hear this motion, there is no statute which in terms confers that authority although it is, of course, *214 settled that all courts having original criminal jurisdiction have coram nobis powers (see Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1). Under the New York City Criminal Courts Act (§ 131, subd. 3), unless either party demands trial before a three-Justice Special Sessions Court, a City Magistrate can exercise all the ‘1 powers and jurisdiction of the court of special sessions ’ ’. Since a Magistrate so sitting has the power to grant a new trial under the cited subdivision and since a coram nobis application is to be made not to the same Judge but to the same court where the trial was had, the Appellate Division was right here in holding that this Magistrate could entertain the motion.
The People’s second point argues that the alleged deprivations of right alleged by defendant appear on the face of the trial record and so would necessarily have had to be raised by appeal. We have, however, held that a deprivation of constitutional rights may be the subject of coram nobis proceedings even though the facts thereof are shown in the record and even though there could be an appeal (see, for instance, People v. Koch, 299 N. Y. 378). In People v. Silverman (3 N Y 2d 200, 202) we wrote this:
“ If a trial was forced upon defendant without an adequate opportunity for his counsel to prepare a defense, then coram nobis lies (People v. Koch, 299 N. Y. 378) even though an appeal would lie from the judgment (People v. McLaughlin, 291 N. Y. 480; People v. Snyder, 297 N. Y. 81).”
Elsewhere in that same Silverman opinion it is stated as an exception to the general rule that “ Judicial interference with the right to counsel guaranteed to defendant by- law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record [citing cases].”
The third and final question is whether plaintiff made out a case for coram nobis relief. This is the rather unusual case where the trial court has credited defendant’s contentions and given him coram nobis relief and the Appellate Division has affirmed. Since this decision was on the facts and supported by the record we cannot disturb it (see People v. Heimowitz, 309 N. Y. 679).
*215 There was accepted in evidence on this coram nobis trial the stenographer’s minutes in the 1937 proceedings. It appears that when defendant obtained the 1937 minutes from the stenographer before commencing this coram nobis proceeding there did not appear in these minutes several lines printed in this record as part of those 1937 minutes. In other words, defendant’s coram nobis petition cited the minutes as originally furnished to him and swore that he was never advised of his right to counsel. However, at the coram nobis trial the stenographer who acted in 1937 testified that the minutes as furnished todefendant were incomplete and that his stenographic notes contained questions and answers as follows:
‘ ‘ By Court Attendant: Henry Freudenberg, on the complaint of Frank Losquadro. No. 26849.
‘ ‘ By the Court: Mr. Defendant, do you prefer to go on with this case today or do you want an adjournment to get a lawyer or witnesses ?
“ By Defendant: I want it for today.
“ By the Court: Do you desire to waive for trial in the Court of Special Sessions, or do you desire to have the case heard here ?
“ By Defendant: Yes.
‘ ‘ By the Court: In the Court of Special Sessions 1 ‘ ‘ By Defendant: Here.
“ By the Court: On the complaint of Frank Losquadro.
The defendant is charged with driving while intoxicated. ’ ’
The coram nobis court “ amended” the stenographic minutes to include allegedly omitted lines. After this coram nobis trial Magistrate Ohbingeb, the Magistrate, granting coram nobis relief, wrote an opinion in which he found as. fact that the amendment correctly stated what occurred in 1937. However, he pointed out that in a later part of these 1937 minutes (recording events later in the day of the 1937 trial) it appears that defendant after having been tried and found guilty without counsel was brought before the court for sentence. There was then a colloquy (at the 1937 sentencing) between defendant and. the court in which defendant said: “My father went downstairs to get a, lawyer”, whereupon a court officer told the Magistrate that the defendant’s father had arrived late. The *216 Magistrate then reminded defendant during that sentencing that the court had asked defendant that morning whether defendant wished a postponement and defendant then replied that he had failed to ask for a postponement because he “ wasn’t guilty The record shows that at this sentencing in 1937 defendant asked the court whether he could wait until a lawyer would come and have the case reopened. The court said that defendant would have to take an appeal. Thus, there was under the rule of People v. Marincic (2 N Y 2d 181) enough in these 1937 minutes added to defendant’s sworn statements on this motion to show that although defendant was asked by the court whether he wanted an adjournment to get a lawyer, nevertheless he did not fully understand that he had a right to be represented by counsel or that he had a right to an adjournment for this purpose, and enough to show that defendant’s failure to get a lawyer in 1937 was due to his father’s arriving late in the courthouse. In People v. Marincic we reversed a conviction on the law because defendant was not accorded these rights. Here both courts below have held as fact that there was such a deprivation. The presence in this record of supporting proof necessitates an affirmance by us.
The People argue here, among other things, that the Marincic decision (supra) was based on section 699 of the Code of Criminal Procedure which in its present form was not on the books in 1937. However, subdivision 4 of section 31 of the New York City Criminal Courts Act, which was in effect before 1937, incorporated into the Criminal Courts Act the sections of the Code of Criminal Procedure governing indictments, one of which was then section 188 of the Code of Criminal Procedure which is identical with subdivision 1 of present section 699 of the Code of Criminal Procedure construed and applied in the Marincic case. Thus, the New York City Special Sessions Court before which defendant was tried in 1937 was under the same obligation described in the Marincic opinion (see Matter of Both, 200 App. Div. 423, 426 [1922]).
Defendant says that in the 1937 proceedings he was not only deprived of his rights as to counsel but, also, that there was a violation of the requirements of sections 188 and 699 of the Code of Criminal Procedure (then and now in effect) that the Magistrate “ must immediately inform him of the charge against *217 him ’ ’. In this connection the 1937 record contains only this: “ The defendant is charged with driving while intoxicated.” There are no particulars as to where or when, etc. We find no cases in this court and none are cited to us as to the scope of this requirement of informing defendant as to the charge against him. However, it would seem that the courts below were within their rights in finding as matter of fact that according to the stenographer’s 1937 trial minutes there was a failure of the court to see to it that defendant knew what his rights were as to counsel and as to what the charge was.
The order should be affirmed.
Chief Judge Conway and Judges Dye and Froessel concur with. Judge Burke; Judge Desmond dissents in an opinion in which Judges Fuld and Van Voorhis concur.
Order reversed and defendant’s motion to vacate the judgment of conviction denied.