Hyman Barshay, J.
The defendant moves by way of writ of error coram nobis to vacate and set aside a judgment, dated June 8,1938, convicting him, after trial, of carrying a dangerous weapon, as a felony, and sentencing him to the New York City Penitentiary. There was no appeal from the judgment of conviction. At a hearing held, on consent of the District Attorney, the evidence adduced established that this defendant and one Nufrio Franzese were separately indicted for the aforesaid crime. The reason for the separate indictments does not appear in the record. On April 28, 1938, the defendant, unrepresented by counsel, pleaded not guilty. On May 26, 1938, Franzese, was placed on trial before County Judge Fitzgerald. Abraham Stember, Esq., then a young, inexperienced attorney, practicing about a year and one half, represented Franzese. In the preparation of that case, he spoke to Mistretta, but was not retained by him. Before the jury was sworn to try Franzese, he, Franzese, pleaded guilty and was remanded for sentence. Immediately thereafter, Mistretta was placed on trial before the *948 identical 12 men who were about to try Franzese, and Mr. Stember was assigned as counsel for Mistretta.
Mr. Stember advised both Mistretta and Judge Fitzgerald that there might be a conflict of interest if he called Franzese as a witness for Mistretta, because Stember might find it essential to cross-examine his own client. Mr. Stember asked the court’s permission to withdraw as counsel for Mistretta. The Judge refused to grant such permission and directed him to proceed to trial. Mr. Stember had little opportunity to consult with Mistretta who told him he did not want him, Stember, to be his lawyer. On Mr. Stember’s advice, Mistretta did not testify on his own behalf. Franzese was not subpoenaed as a witness for Mistretta, despite Mistretta’s insistence that if Franzese told the truth, he, Mistretta, would be exonerated. Mr. Stember merely asked Franzese to testify for Mistretta, and the latter refused. Mr. Stember has since attained eminence at the Bar and testified as aforesaid on behalf of the petitioner.
It is my belief that the defendant sustained the burden imposed upon him by law. While the record reveals that no appeal was taken from the judgment of conviction nevertheless, if a trial was forced upon defendant without adequate opportunity for his counsel to prepare a defense, then coram nobis lies (People v. Koch, 299 N. Y. 378). The courts have condemned “ last-minute, peremptory assignment ” prior to immediate trial (People v. McLaughlin, 291 N. Y. 480, 483). In People v. Silverman (3 N Y 2d 200, 202-203) it was held that: “ Although the fundamental precept of coram nobis is that it may not be employed to raise errors appearing on the face of the record, there is an exception to this basic rule. Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of coram nobis, even though the error appears on the face of the record (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Koch, supra). Nevertheless each exception to the rule must be justified by special evidence of a denial of due process requiring corrective judicial process. Hence the scope of coram nobis will not be expanded unless the injury done to the defendant would deprive him of due process of law. In this case assigned counsel may have been reluctant to challenge the propriety of their assignment or the failure-of the trial court to permit adequate time for the preparation of a defense when the assignment was accepted with full knowledge of all the circumstances. Such an inhibition might impair the right of defendant to counsel, as it may cast doubt on the freedom of assigned counsel to fully and properly represent the defendant. The unusual nature of these relationships pre *949 sents exceptional facts which, if established, sufficiently support defendant’s claim to relief by way of a writ of error coram nobis.”
With commendable fairness, the Assistant District Attorney appearing for the People agrees that this motion should be granted on the authority of People v. Silverman (supra). The motion to vacate and set aside the judgment of conviction, dated June 8, 1938, is, therefore, granted. The Department of Correction of the City of New York, in whose custody the defendant is presently in, is hereby directed to produce the defendant in court as soon as convenient for further proceedings in this matter.