OPINION OF THE COURT
Eugene M. Hanofee, J.
Defendant having moved this court by notice of motion dated April 7, 1986 for an order pursuant to CPL 460.70 (2) (c) and 22 NYCRR 200.33 (c) for an order dismissing an appeal brought on behalf of the People. This appeal is from an order of Hon. Jack Levine dated November 19, 1985, wherein he suppressed certain evidence. The notice of appeal is dated *616 December 11, 1985 and was filed with the County Court Clerk, defense counsel and the Town of Liberty Justice Court Clerk. The People thereafter filed an affidavit of errors sworn to December 23, 1985. The Town of Liberty Justice Court filed its original return with this court on or about December 31, 1985.
The People did not take any action with regard to this appeal until forwarding a letter to the court dated February 28, 1986, requesting a 30-day extension in order to submit a brief and appropriate papers. Defense counsel, on or about March 4, 1986, forwarded a letter to the court and the People indicating that the People had already violated the provisions of the Uniform Rules for the New York State Trial Courts § 200.30 (22 NYCRR). In response to defense counsel’s letter of March 4, 1986, the People, in a letter dated March 12, 1986, contended that defense counsel, if he wishes the appeal to be dismissed, should move so formally. It is interesting to note that the People, although contending that the defendant is obligated to move formally for an order dismissing the appeal, did not take its own advice and move formally pursuant to the Uniform Rules § 200.33 (d) (22 NYCRR).
The next document that the court received was the appellant’s brief which was filed with the court on or about March 21, 1986. The respondent, on April 7, 1986, filed the instant notice of motion and affirmation along with its brief and appendix. Apparently, in response to the instant notice of motion, the People first filed a notice of argument with the Sullivan County Clerk on April 11, 1986.
In this case, it appears that the People argue that the defendant should be obligated to follow the strict rules of motion practice as set forth in the CPLR and CPL, while, on the other hand, they contend that the People should not be obligated to follow those same rules. The Uniform Rules § 200.33 (b) strictly regulate and mandate the time limits that must be followed after an affidavit of errors and return of the local court is filed with the County Court. In this case it is apparent that the People did not follow those mandates nor did they elect, although apprised to by defense counsel, to move this court pursuant to Uniform Rules § 200.33 (d) for additional time in order to file the notice of argument.
It is the court’s opinion that, due to the fact that the Uniform Rules § 200.33 contain the decisive "shall” direction with respect to the time limit for filing notices of argument, that this court has no discretion and, accordingly, must grant *617 the motion to dismiss the appeal. The motion to dismiss the appeal is granted.