■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CRUZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered January 12, 1983, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant, acting in concert with Miguel Vasquez and Sylvia Sos-

tre, sold a bag of heroin to an undercover police officer. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). As is apparent from its verdict, the jury rejected the defense theory that the defendant was merely a bystander at the scene of the crime. Because the jury's determination is clearly supported by the record, it should not be disturbed on appeal *(see, People v Gaimari,* 176 NY 84, 94; *People v Garafolo,* 44 AD2d 86).

We disagree with the defendant's contention that the court improperly interjected itself into the proceedings. The record makes clear that the court intervened only to the extent of clarifying confusing testimony and ensuring that defense counsel's summation did not exceed the four corners of the evidence adduced at the trial. It is the function of the court to facilitate the orderly and expeditious progress of the trial *(see, People v Yut Wai Tom,* 53 NY2d 44; *People v Robinson,* 137 AD2d 564, *lv denied* 71 NY2d 1032).

The sentence imposed was not unduly harsh or excessive and there are no circumstances present which would warrant disturbing the sentencing court's exercise of discretion *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the remainder of the defendant's contentions and find that they are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.