■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LINCOLN, Appellant.—

Although we find that the evidence presented by the prosecution was legally sufficient to sustain the verdict convicting the defendant, and the verdict was not against the weight of the evidence, certain improprieties committed by the trial court deprived the defendant of a fair trial and, thus, a new trial is required *(see, People v Gale,* 138 AD2d 401).

At the pretrial proceedings, the defendant was represented by an attorney assigned pursuant to County Law § 722-d. Upon learning that the defendant was employed by the New York City Department of Transportation earning $18,000 per annum, the trial court relieved the attorney without inquiring further of the defendant. The defendant persisted in claiming his financial inability to retain counsel. In response, the court ordered the defendant to return to court with an attorney or "brush up on the law because you'll be trying [the case] yourself". The record reveals that at the commencement of the trial, the defendant appeared *pro se* but a legal adviser had been assigned to assist him.

The trial court erred in relieving counsel without conducting a more detailed inquiry. In the first instance, once an assignment of counsel is made, that assignment may be terminated for reasons of nonindigency at the instance of counsel (County Law § 722-d; *Matter of Legal`Aid Socy. v Samenga,* 39 AD2d 912). Although the trial court, in the exercise of its discretion, is vested with the authority to terminate the assignment of counsel if a defendant becomes financially able in whole or in part to retain counsel, the court should first conduct a proper allocution to determine not only the defendant's income but also to discern any financial obligations the defendant might have and other relevant economic information *(see, People v Bell,* 119 Misc 2d 274). At bar, the trial court failed to conduct a proper inquiry. We note, in this regard, that the trial court could direct the defendant to make partial payment for legal representation rather than terminate the assignment if it appeared, under the circumstances, to be in the interest of justice *(see, People v Bell, supra).*

This error was compounded by the trial court's failure to warn the defendant of the dangers inherent in proceeding without counsel. While a defendant has a constitutional right to defend himself *pro se (see, Faretta v California,* 422 US 806;

*People v Smith,* 68 NY2d 737, *cert denied* 479 US 953), the trial court must first conduct a thorough inquiry to ensure that a knowing and intelligent waiver of the right to counsel has been made *(People v Smith, supra,* at 738). The defendant in the instant case did not want to proceed *pro se.* The trial court, in effect, forced the defendant to so proceed without advising him of the rights he would be waiving or the risks involved. Further, the appointment of a legal adviser did not serve to negate any harm suffered by the defendant due to the court's improper action in denying him representation by counsel.

We further find that certain comments of the Trial Judge considered in conjunction with the other errors in the trial also deprived the defendant of a fair trial. Although a Trial Judge has a vital role in clarifying confusing testimony and facilitating the orderly and expeditious progress of the trial *(see, People v Yut Wai Tom,* 53 NY2d 44, 57; *People v Cruz,* 144 AD2d 478), he must exercise this power sparingly and in an impartial and unbiased manner *(see, People v Jamison,* 47 NY2d 882, 883). In the instant case, the Trial Judge improperly made reference to the defendant's failure to take the stand and displayed a somewhat antagonistic manner toward the defendant. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.