OPINION OF THE COURT
Anne E. Feldman, J.
On October 12, 1992, defendant was first ordered by this court pursuant to County Law § 722-d to pay $2,700 to the Legal Aid Society to help cover the costs of his legal representation. This decision is the formal written opinion explaining that order and the procedure by which it is to be implemented.
Defendant is charged with the gunpoint robbery of a small jewelry shop. On October 30, 1990, when the Judge in the *323 Conference Part learned the defendant had posted $10,000 bail, he relieved the assigned Legal Aid Society attorney and ordered defendant to retain private counsel.
When defendant first appeared before this court on November 13, 1990, this court also questioned him concerning his financial circumstances. He stated that his father had posted the bail but was unwilling to pay for a private lawyer. He acknowledged that at the time of his arrest he had been employed by his father at $800 a week and that he continued to support himself, paying over $600 monthly rent and maintaining an automobile. This court again directed him to secure private counsel. On December 7, 1990, defendant advised the court that he had attempted to engage an attorney but because he felt the expense was too great he had decided not to do so. Thereafter, the court twice referred defendant to the Semi-Indigent Panel, attorneys selected by the Brooklyn Bar Association willing to make special financial arrangements with clients. On each occasion defendant, now claiming to be indigent, said he was unable to afford the quoted fees.
The court disbelieved defendant’s claim of poverty, and informed him that given his acknowledged fairly healthy financial situation his only other option was to represent himself. On several subsequent occasions the court cautioned defendant on the pitfalls of pro se representation and suggested that he borrow the money as an advance on his salary from his father who regularly accompanied him to court. However, defendant refused and explained that he was aware of the risks in pro se representation but he felt equipped to represent himself, having previously done so in Criminal Court, where a Judge had also refused to assign him counsel.
Appearing pro se at the Wade hearing defendant persuaded the court to suppress the photographic array as unduly suggestive. The court then required the complaining witness to testify concerning his lineup identification and his independent source for observing the perpetrator. Prior to the cross-examination the court sua sponte suspended the hearing because defendant’s voice could be a factor in complainant’s identification of him.
At this point defendant agreed with the court that it was in his legal interest to be represented by counsel. Shortly thereafter defendant informed the court of his renewed efforts to find an attorney. He revealed for the first time that he had $2,700 with which to pay an attorney but that no attorney *324 had found that amount sufficient. Thereupon this court ordered that the Legal Aid Society be reassigned to represent defendant on the condition defendant pay the $2,700 to the Society pursuant to County Law § 722-d.
County Law § 722-d appears to be a grossly underutilized weapon in the battle of balancing a defendant’s right to counsel and the exploding financial burden to the State of providing free representation to those who are not fully able to afford private counsel (People v Bell, 119 Misc 2d 274). The statute provides that: "Whenever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the public defender, private legal aid bureau or society, private attorney or otherwise.”
Based on his own representations to the court, defendant is clearly able to at least make partial payment for his legal representation. The interests of justice dictate that he be required to do so. By implementing this "forgotten” statute the court avoids further delay in the disposition of this case, and also promotes the efficient distribution of legal resources while protecting defendant’s right to counsel.
On February 27, 1992 defendant was ordered to make an initial payment of $500 toward full payment of the $2,700 no later than April 14.
Thereafter, he is ordered to pay the Legal Aid Society the balance in installments of $100 per week.