OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed and a new trial ordered.
Following a bench trial, defendant was convicted of driving without insurance, failing to display rear lamps and driving while intoxicated (Vehicle and Traffic Law § 319 [1]; § 375 [2] [a] [3]; § 1192 [2]). The record indicates that on July 20, 1990 at his arraignment on the charges, defendant agreed to be represented by Legal Aid. At a subsequent appearance on August 20, 1990 defendant disputed an assertion by the court that defendant had failed to provide verification to the unit which determined his eligibility to receive representation without charge. He also indicated that he wanted to represent himself. At the time of the trial in May 1991, defendant indicated that he would engage a lawyer if he could afford one. Under these circumstances the court had an obligation to inquire further into defendant’s eligibility for and desire for the appointment of counsel. The court did not make a sufficient inquiry into the defendant’s ability to engage a lawyer. The fact that the defendant expressed an intention to exercise his constitutional right to represent himself (see, Faretta v California, 422 US 806; and People v Davis, 49 NY2d 114) did not eliminate the court’s obligation.
*917 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order reversed, etc.