■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CEBOLLERO, Appellant. [677 NYS2d 580] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered September 21, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People did not fail to give proper notice under CPL 710.30 of their intention to introduce at trial the identification testimony of the undercover officer who had functioned as the so-called "ghost" in this buy-and-bust operation, as such notice was not required for that officer's confirmatory identification (*see, People v Wharton,* 74 NY2d 921, 922-923). The evidence established that the officer in question was a trained narcotics officer; that he followed the undercover officer to the corner of Ninth Street and Third Avenue in the middle of the afternoon; that he observed the undercover officer meet and engage in a conversation with the defendant; that he took notice of the defendant's gender, nationality, height and clothing, and that he continuously kept the defendant under surveillance until the time of his arrest. Under these circumstances, admission of the "ghost" officer's testimony was proper (*see, People v Wharton, supra; People v Cordero,* 227 AD2d 290, 291).

Similarly unpersuasive is the defendant's contention that the trial court improperly interjected itself into the proceedings, as the court intervened infrequently, and only to the extent of clarifying testimony and promoting an orderly trial (*see, People v Yut Wai Tom,* 53 NY2d 44, 57; *People v Cruz,* 144 AD2d 478, 479). Under the circumstances presented here, it cannot be said that the court exceeded the bounds of its supervisory function during trial.

The defendant's remaining contentions are either without merit or do not require reversal. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.