■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION JAMES, Appellant. [789 NYS2d 60]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered January 6, 2000, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was represented by assigned counsel at his arraignment. Assigned counsel was later relieved by the trial court

after the defendant indicated that he would retain counsel to defend him. The defendant did not retain an attorney, and he proceeded pro se at pre-trial suppression hearings, voir dire, and trial. At no time did the trial court conduct an inquiry regarding the defendant's ability to afford an attorney, and on two occasions it refused to consider whether the defendant was eligible for assigned counsel. The trial court also failed to inform the defendant of his right to assigned counsel if he was not able to afford one. On this appeal, the defendant argues that he was denied his right to counsel. We agree and reverse the judgment and order a new trial.

The trial court erred in relieving the defendant of his assigned counsel without conducting any inquiry into the "defendant's eligibility and desire for the appointment of counsel" (*People v McKiernan*, 84 NY2d 915, 916 [1994]; *see People v Koch*, 299 NY 378, 381 [1949]; *People v Lincoln*, 158 AD2d 545, 546 [1990]). This constituted reversible error (*see People v McKiernan, supra; People v Koch, supra*). This error was compounded by the trial court's failure to advise the defendant of his right to counsel or to warn him of the dangers in proceeding without counsel (*see People v Smith*, 92 NY2d 516, 520-521 [1998]; *People v Lincoln, supra* at 546-547). Moreover, the record discloses that the defendant did not want to proceed pro se.

Contrary to the People's contention, the defendant did not forfeit his right to counsel by failing to secure an attorney over the 10-month period before trial. Forfeiture occurs when a defendant's conduct is "calculated to undermine, upset or unreasonably delay the progress of the trial" (*People v McIntyre*, 36 NY2d 10, 18 [1974]; *see People v Schoolfield*, 196 AD2d 111, 117 [1994]). The record in this case suggests that the defendant did not hire an attorney because he could not afford one and because the trial court summarily refused to consider whether the defendant was entitled to assigned counsel (*see People v Koch, supra*).

Accordingly, the trial court deprived the defendant of his statutory and constitutional rights to counsel when, in effect, it forced him to proceed pro se by failing to warn him of the dangers of self-representation, and by failing to ascertain whether he was entitled to assigned counsel (*see People v Lincoln, supra*). Therefore, we reverse the judgment and order a new trial. Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.