OPINION OF THE COURT
Charles F. Crimi, Jr., J.
The defendant stands convicted by plea to the crime of driving while intoxicated in violation of section 1192 (3) of the Vehicle and Traffic Law. At the time of the plea, the defendant was advised that he was subject to the ignition interlock provisions of law made applicable to all convictions for section 1192 (3) violations after November 19, 2009 and sentences imposed after August 15, 2010. The defendant now challenges the constitutionality of the law.
The defendant does not contend that the Legislature cannot require individuals convicted of drinking and driving offenses to have ignition interlock devices installed. Rather, defendant attacks the mechanism by which the Legislature elected to accomplish this requirement. The defendant argues that the law is unconstitutional in that (a) the imposition of the cost of installing and maintaining the interlock constitutes an “impermissible indeterminate fine”; (b) the law violates both the Federal and State Due Process Clauses in that the cost of the interlock is not set by statute; (c) the failure to file with the Secretary of State the “final price list” for ignition interlock services violates article IV § 8 of the State Constitution; (d) the *705 absence of indigence guidelines “threatens” a defendant’s right to equal protection of the law under both the State and Federal Constitutions; and (e) the law violates the Equal Protection Clause in that persons who have more than one vehicle (and thus presumed to have more financial resources than a defendant with only one vehicle) are treated more harshly as these defendants are required to have the interlock installed on every vehicle they own or operate.[1]
At the outset, the Court of Appeals has made clear that “[t]here is a strong presumption that legislative enactments are constitutional . . . and a party contending otherwise bears the heavy burden of showing that a statute is ‘so unrelated to the achievement of any combination of legitimate purposes’ as to be irrational.” (People v Knox, 12 NY3d 60, 69 [2009].) With that standard in mind, I address the arguments of the defendant.
Vehicle and Traffic Law § 1198 requires convicted defendants to pay the cost of the ignition interlock unless a court determines in a particular case that the defendant cannot afford, in whole or in part, the cost. With respect to cost, Vehicle and Traffic Law § 1198 (5) provides as follows:
“Cost, installation and maintenance, (a) The cost of installing and maintaining the ignition interlock device shall be borne by the person subject to such condition unless the court determines such person is financially unable to afford such cost whereupon such cost may be imposed pursuant to a payment plan or waived. In the event of such waiver, the cost of the device shall be borne in accordance with regulations issued under paragraph (g) of subdivision one of section eleven hundred ninety-three of this article or pursuant to such other agreement as may be entered into for provision of the device. Such cost shall be considered a fine for the purposes of subdivision five of section 420.10 of the criminal procedure law. Such cost shall not replace, but shall instead be in addition to, any fines, surcharges, or other costs imposed pursuant to this chapter or other applicable laws.”
The linchpin of defendant’s first three challenges is that the cost of the interlock is not set by statute. Defendant cites no *706 authority for this proposition. The Legislature has provided for fines to be levied in, for example, a contempt proceeding, “in the discretion of the court.” (Judiciary Law § 751 [2] [a]; New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, 35 AD3d 73 [2d Dept 2006] [upholding a million dollar per day discretionary fine against, inter alia, a due process challenge].) Additionally, tortfeasors are subject to the imposition of punitive damages for tortious conduct subject to court review for excessiveness. (E.g. Western N.Y. Land Conservancy, Inc. v Cullen, 66 AD3d 1461 [4th Dept 2009], appeal dismissed 13 NY3d 904 [2009], lv denied 14 NY3d 705 [2010], rearg denied 15 NY3d 746 [2010] [upholding a punitive damage award of $500,000 against a due process challenge].) Similarly, litigants can be administratively sanctioned by a court for “frivolous conduct.” (Rules of Chief Administrator of Cts [22 NYCRR] § 130-1.1.)
Thus a defendant has notice of the interlock requirements, including the responsibility for payment, just as an individual has notice that in a contempt proceeding a discretionary fine may be imposed or that tortious conduct may be subject to unspecified punitive damages or that a financial sanction may be imposed for frivolous conduct. That the specific amount is not mentioned is not constitutionally significant provided there exists a mechanism to determine whether a particular defendant has the ability to bear the cost of the interlock. The regulation promulgated pursuant to statute provides a mechanism whereby a defendant can alert the court to a claim of economic hardship. It is the defendant’s burden to disclose “factors which may be considered . . . with respect to financial inability of the operator to pay for the device and shall include, but not be limited to income from all sources, assets, and expenses.” (9 NYCRR 358.8 [b].) Any due process concerns involving an individual’s ability to bear the cost is addressed at the time of sentencing not unlike when a court determines a restitution amount due and a defendant’s ability to pay. (Penal Law § 60.27 [1] [“(T)he court shall require, unless the interests of justice dictate otherwise, . . . that the defendant make restitution”].)
Moreover, once classified as a fine, Criminal Procedure Law § 420.10 (5) provides a mechanism for a defendant to obtain postsentencing modification of an order to pay the cost of the interlock. Any modification determination, including alternative sentencing options, is constrained by both due process and equal protection considerations. (Bearden v Georgia, 461 US 660 [1983] [court cannot impose a jail sentence for failure to pay *707 fine where defendant has made bona fide efforts to pay and there is some adequate alternative sanction which can be imposed].) Thus existing statutory, regulatory, and case law provides a defendant with both equal protection of the law and due process.
The defendant next challenges the law on the basis that the Legislature has not provided a definition of indigence. The defendant argues that the lack of a definition “invites chaos” leaving a defendant subject to a court’s “standardless discretion.” The lack of a definition is not constitutionally significant. For example, a defendant’s right to counsel is guaranteed by the Federal Constitution (US Const 6th Amend), the New York State Constitution (NY Const, art I, § 6) and by statute (CPL 170.10 [3]; 180.10 [3]; 210.15 [2]). However, while guaranteeing the right to counsel, the Legislature provided no statutory guidelines for a court to use to determine whether a particular defendant is financially able to obtain counsel in a criminal case. In that circumstance the court is charged with making that determination. (People v McKiernan, 84 NY2d 915 [1994] [court to make sufficient inquiry as to defendant’s ability to engage counsel]; Matter of Stream v Beisheim, 34 AD2d 329 [2d Dept 1970] [determination of eligibility after hearing]; People v Ward, 199 AD2d 683 [3d Dept 1993] [determination after trial].) Such determination is subject to appellate review. (People v James, 13 AD3d 649 [2d Dept 2004], lv denied 5 NY3d 764 [2005] [relieving counsel without conducting inquiry as to eligibility for assignment of counsel constitutes reversible error], citing People v McKiernan, supra.) If the most sacrosanct of a defendant’s rights in a criminal court, namely the right to the assistance of counsel, can be determined without the benefit of statutory guidelines, it is difficult to see how a determination as to a defendant’s responsibility, in whole or in part, for the cost of an ignition interlock for a period of between 6 and 12 months is constitutionally deficient.
Finally, the defendant argues that the law violates the Equal Protection Clause as the statute penalizes wealthier defendants as defendants who have more than one vehicle must pay more than defendants who have only one vehicle. The fact that a statute has different effects upon wealthy and poor citizens does not necessarily offend the Equal Protection Clause so long as the challenged classification does not involve a suspect class and is rationally related to a legitimate governmental purpose. (Matter of Barron v Ellis Hosp., 235 AD2d 189 [3d *708 Dept 1997], citing Kadrmas v Dickinson Public Schools, 487 US 450 [1988].)[2] As the defendant’s interest does not involve a suspect classification, the sole issue is whether the classification is related to a legitimate governmental purpose. The statute seeks to protect the public at large from the possibility that an individual who has been convicted of driving while intoxicated will operate a motor vehicle in an intoxicated condition again. To arbitrarily limit the application of the law to one vehicle per defendant would, as defendant seems to suggest, lead to the circumstance where a defendant who has the financial ability to do so, will obtain more than one vehicle — one to comply with the law and the second to flaunt it. Neither the Constitution, nor logic, mandates such a result.
For all the foregoing reasons, the law is constitutional.

. The People initially argue that the motion is untimely as the issue is not “ripe” maintaining that until the defendant is convicted of an ignition interlock offense the motion is premature. A misdemeanor conviction however exists as of the time of the plea. (People v Montilla, 10 NY3d 663 [2008].)

. The Supreme Court of Pennsylvania has rejected the same equal protection claim against a similar, although not identical, Pennsylvania law. (Probst v Commonwealth, 578 Pa 42, 849 A2d 1135 [2004].)