■ In the Matter of Olga Cherrez, Respondent, v José Antonio Lazo, Appellant. [957 NYS2d 889]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Arias, J.), dated December 23, 2011, as denied his objection to a determination of the same court (Blaustein, S.M.), dated October 28, 2011, made after a hearing, directing him to pay the attorney assigned to represent him the difference between the amount the attorney would charge a privately retained client for the services rendered and the amount the attorney claimed from the assigned counsel plan.

Ordered that the order dated December 23, 2011, is affirmed insofar as appealed from, without costs or disbursements.

County Law § 722-d provides that "[w]henever it appears that the defendant is financially able to obtain counsel or to

make partial payment for the representation or other services, counsel may report this fact to the court and the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the public defender, private legal aid bureau or society, private attorney, or otherwise."

Here, the Support Magistrate found that the father had the financial ability to pay the entire cost of the representation provided to him. The "determination of a Family Court Support Magistrate, who is in the best position to hear and evaluate the credibility of the witnesses, is entitled to deference" (*Matter of Cordero v Olivera*, 40 AD3d 852, 852-853 [2007]; *see Matter of Oshodi v Olouwo*, 94 AD3d 896 [2012]; *Matter of Kennedy v Ventimiglia*, 73 AD3d 1066 [2010]; *see also Matter of Saren v Palma*, 3 AD3d 572 [2004]).

The record supports the Support Magistrate's assessment of the father's financial circumstances, including his income and the properties he owned. Accordingly, the Family Court properly denied the father's objection to the Support Magistrate's determination (*see People v Lincoln*, 158 AD2d 545 [1990]; *Cohen v Cohen*, 33 Misc 3d 448, 452 [2011]; *People v Alessi*, 154 Misc 2d 322, 324 [1992]; *Matter of Patricia R. v Peter W.*, 126 Misc 2d 87, 88-89 [1984]). Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.