[999 NE2d 1146, 977 NYS2d 701]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KORDISH, Appellant.

Decided October 17, 2013

**APPEARANCES OF COUNSEL**

*Schlather, Stumbar, Parks & Salk, LLP*, Ithaca (*Diane V. Bruns* of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed and

the matter remitted to that court for further proceedings in accordance with this memorandum.

Where, as in New York, a state provides for an appeal as of right from a criminal conviction, the United States Constitution compels the state to provide an indigent defendant with an attorney to represent the defendant on appeal (*see Evitts v Lucey*, 469 US 387, 393-394 [1985]; *Douglas v California*, 372 US 353, 356-357 [1963]). Furthermore, where "an indigent defendant seeks appellate review that (1) involves some consideration of the 'merits,' and (2) involves claims that have not yet 'been presented by [appellate counsel] and passed upon by an appellate court,' " thereby rendering the defendant ill equipped to represent himself, the appellate court must assign counsel to the defendant at state expense (*Taveras v Smith*, 463 F3d 141, 147, 150-152 [2d Cir 2006], quoting *Douglas*, 372 US at 356; *see also Halbert v Michigan*, 545 US 605, 611-617 [2005]). As recognized by the Second Circuit in *Taveras* (*supra*) under New York law, whether the indigent defendant's first-tier appeal should be dismissed as a matter of discretion on grounds of fugitive disentitlement constitutes a "threshold issue to be decided in the disposition of a former fugitive's *first-tier appeal as of right*," and thus the Appellate Division cannot exercise its discretion to dismiss the appeal without providing the defendant with a lawyer (463 F3d at 150-151 [internal quotation marks omitted]).

In this case, the Appellate Division erroneously failed to assign counsel to represent defendant before dismissing his first-tier appeal as of right based on his failure to timely perfect it. Notwithstanding the Appellate Division's rule mandating automatic dismissal of an untimely perfected appeal (*see* 22 NYCRR 670.8 [f]), its decision to dismiss the appeal here remained a discretionary determination on the merits of a threshold issue on defendant's first-tier appeal, rather than an automatic bar to appeal (*see* CPL 460.70 [2] [c]; 470.60 [1]; *People v Evans*, 69 NY2d 997, 998-999 [1987], *revg* 132 Misc 2d 615 [Sullivan County Ct 1986]). And an appellate court had not yet passed on, nor had counsel presented, defendant's appellate claims with respect to dismissal or any other matter, thus leaving defendant ill equipped to represent himself. Because the factors cited in *Douglas*, *Halbert* and *Taveras* are present in the instant case, the Appellate Division was required to assign defendant an attorney upon a showing of indigence in order to enable him to oppose the court's motion to dismiss his first-tier

appeal as of right, and the court's failure to appoint counsel to represent defendant without considering his indigency or the merits of dismissal warrants reversal and reinstatement of defendant's appeal. Upon remittal to the Appellate Division, that court should decide whether defendant is indigent pursuant to CPLR 1101. If defendant establishes his indigence, the court must assign counsel to litigate the dismissal motion, and the court should determine, in its discretion, whether dismissal is appropriate.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.