The People of the State of New York, Respondent,
against
Senate Rivera, Appellant. 




Alan Ross, for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J.), rendered July 10, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On July 5, 2017, defendant was arraigned on two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), based upon allegations of heroin and methadone possession, respectively, and one count of criminal possession of marihuana (Penal Law § 221.05). During defendant's bail application, after the People's request for $5,000 bail, the following colloquy occurred:
"[COURT]: What does he do for a living? He had $900, and he posted bail before on one of his.
[DEFENSE COUNSEL]: He is a welder for Tishman, which I am sure is maybe better pay than I do [sic]. I think it's a well-paying job. He makes $41 an hour. Not eligible for [*2]Legal Aid, for the record, if he gets out.
[COURT]: Okay. . . . Bail is set in the amount of $3500 bond, $3500 cash. There is no credit card alternative. You expect him to make bail?
[DEFENSE COUNSEL]: We do not know.
[COURT]: Is he not eligible for Legal Aid?
[DEFENSE COUNSEL]: He is not, but since he's not working now, I will consider—
[COURT]: Okay. . . . People, make a note. If the defendant makes bail, not eligible for Legal Aid. He needs to hire his own counsel.
[DEFENDANT]: I don't have a job.
[COURT]: Take charge."
Defendant remained in custody in lieu of bail, and, on the next court date, July 10, 2017, he continued to be represented by the attorney for The Legal Aid Society who had represented him at his arraignment. The court offered defendant a sentence of 15 days' incarceration and forfeiture of the $909 he had in his possession at the time of arrest in exchange for a plea of guilty to one count of criminal possession of a controlled substance in the seventh degree. Defendant accepted the court's offer, pleaded guilty and was sentenced accordingly.
Defendant's claim that he was denied his constitutional right to counsel is belied by the fact that he was represented by assigned counsel for the entirety of the case. Defendant's implication that he would have made bail but for the court's mandate that he then would have to procure private counsel is unsupported by the limited appellate record before us, which contains no evidence that defendant would have made bail but chose, instead, to remain jailed in lieu of bail out of fear of losing his assigned counsel. Further, had defendant been released on bail and provided defense counsel and the court with satisfactory proof of his indigence, he would have been allowed to retain his assigned counsel (see People v Kordish, 22 NY3d 922, 923 [2013] [the court is "required to assign defendant an attorney upon a showing of indigence"]; People v Simmons, 31 NY2d 997 [1973]).
Defendant is correct that, while he had been working for two years making $41 hourly, upon both his and defense counsel's statements on the record that he was then unemployed, the court was "obligat[ed] to inquire further into defendant's eligibility for and desire for the appointment of counsel" (People v McKiernan, 84 NY2d 915, 916 [1994]). The court erred in failing to so inquire before noting that, if defendant made bail, he would have to retain private counsel. However, this error was harmless, as defendant remained at all times represented by assigned counsel.
Nothing in the record before us supports a finding that defense counsel was ineffective (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]). She was actively involved in defendant's arraignment, where she made a thorough bail application, and she was no less participatory on the next court date, when defendant pleaded guilty and was sentenced. 
Also, nothing in the record before us demonstrates that the guilty plea by defendant—who, with two felony and five misdemeanor convictions predating the instant one, including a drug conviction, is not a novice to criminal court proceedings—was anything other than knowing, intelligent and voluntary (see People v Rifino, 143 AD3d 741, 743 [2016]).
To the extent that defendant's contentions rest on matters outside the record, they are not reviewable on direct appeal, as they concern conversations or decisions not made in the courtroom. Defendant may raise such claims, if so advised, in a motion pursuant to section 440.10 of the Criminal Procedure Law, so that they may be evaluated upon a complete record (see People v Williams, 34 Misc 3d 142[A], 2012 NY Slip Op 50089[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; People v Chaplin, 16 Misc 3d 137[A], 2007 NY Slip Op 51741[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019